BOARD OF EDUCATION OF the MEMPHIS CITY SCHOOLS, Appellee,

v.

The MEMPHIS PUBLISHING COMPANY, d/b/a the Commercial Appeal and the Memphis Press Scimitar, Michael Grehl, Editor of the Commercial Appeal, and Milton R. Britten, Editor of the Memphis Press Scimitar, Appellants.

Court of Appeals of Tennessee,
Western Section.

April 18, 1979.

Certiorari Denied by Supreme Court
Aug. 6, 1979.

Walter P. Armstrong, Jr., Fred M. Ridolphi, Jr., Memphis, for appellants.

Ernest G. Kelly, Jr., Memphis, for appellee.

NEARN, Judge.

This is a suit for declaratory judgment.

A vacancy occurred in the position of Superintendent of City Schools for the City of Memphis. The Board of Education of the City of Memphis is charged with the responsibility for filling such vacancy. Therefore, the Board established a Search Committee, composed of private citizens, to screen applicants for the vacant position and refer a number of selected candidates to the Board.

The Memphis Publishing Company, which does newspaper business as The Commercial Appeal and the Memphis Press-Scimitar, through its reporters sought access to the meetings and the records of the Committee. The records consisted primarily of the applications of those seeking the position of school Superintendent. Access was refused by the Committee.

The Board of Education filed its complaint against the publishing company and the editors of its newspapers to determine if; (a) T.C.A. 8–4401 et seq., commonly known as the "Sunshine Law," required that Search Committee meetings be open to the public; (b) whether the Public Records Law, T.C.A. 15–301 et seq., applied to personnel files of applicants in the hands of the Committee and (c) whether the laws are superseded by the restrictions of 20 U.S.C. § 1232g commonly known as the "Buckley Amendment".

The defendants answered and admitted the facts. However, defendants denied the conclusions of plaintiff and asserted that both the Sunshine Law and the Public Records Law applied, but that the "Buckley Amendment" did not. In addition, the defendants sought affirmative relief in that an injunction was sought to enjoin the Search Committee from holding any meet-

ings without complying with the Sunshine Law.

The Chancellor granted the injunction and decreed that (a) the Sunshine Law applied and (b) the personnel files of applicants for the position of Superintendent are not public records within the meaning of the Public Records Law of Tennessee. The Court made no ruling on the "Buckley Amendment" question.

Only the defendants appeal. They charge the Court with the single error of holding that the Public Records Law did not apply in this case. Therefore, that is the only issue which we will review on appeal.

In the final decree the Chancellor held: "that the personnel files of applicants for the position of superintendent of the Memphis City Schools are not public records and that, consequently, the public records laws of Tennessee do not apply to them."

We hold that the personnel files in the hands of the Search Committee of applicants for the position of Superintendent are public records within the meaning of portions of Title 15 of our Code (generally referred to as the Public Records Law) and, therefore, portions of Title 15 apply thereto.

Title 15 of our Code consists of five chapters. These five chapters appear to us to be an all encompassing legislative attempt to cover all printed matter created or received by government in its official capacity and whether intended to be retained temporarily or retained and preserved permanently. The five chapters, when read together, evince a clear legislative recognition of the different types of records. There are first (Chapter 1) those records which have historically been termed "Public Records". These records consist of Court records and land title records which must be retained, preserved, and available to all citizens for the public welfare and tranquility. These are the types of records that are admissible in evidence in Court proceedings by simply showing that they were properly recorded. See T.C.A. 15–118. It is significant to note that several of the sections of Chapter 1

have their origin as early as 1805 when this state was in its infancy.

By about 1871 it would seem that the Chapter 1 records were piling up unsystematically in courthouse basements. As a result, Chapter 2 was initiated by which the legislature required custodians of Chapter 1 records to index them in an orderly fashion.

Neither Chapter 1 nor Chapter 2 applies to the records in question.

Chapter 3 is of more modern vintage, 1947. It is evident from reading the Chapter that the legislature intended the Chapter to apply to records other than Chapter 1 and 2 "Public Records". Section 301 refers to "any or all records". Section 304 provides that "[a]ll state, county and municipal records shall at all times, during business hours, be open for personal inspection by any citizen of Tennessee, and those in charge of such records shall not refuse such right of inspection to any such citizen, unless otherwise provided by law or regulations made pursuant thereto." There is no need for Section 304 as to Chapters 1 and 2 "Public Records". Such records, as contemplated by Chapters 1 and 2, have been open for public view since there were such records and must be or they are useless. Section 304 therefore applies to records other than Chapters 1 and 2 "Public Records". This is abundantly clear when one reads Section 305 which refers to certain exceptions, such as state hospital records. Patient state hospital records are certainly not Chapters 1 and 2 "Public Records", but the legislature was aware that, had it not excluded patient records by Section 305, such records would be included under Section 15–304.

Were it not for the exclusion of Section 305, state patient medical records would be included under Section 304 as records "open to public inspection". Although such records are not "Public Records" under the sense of Chapters 1 and 2, they are nonetheless records of public bodies and open to public inspection but for the exceptions granted by Section 305. Although we are not here dealing with state hospital records,

the analogy is proper. If state patient hospital records would be open to public inspection but for Section 305; how can it be said that applications for municipal school Superintendent are closed to public inspection without a specific exemption statute?

All arguments of the appellee to the effect that the records in question are not "Public Records" are of no avail. There are at least three types of records that we are able to perceive which are kept by public agencies: first, the true "Public Records" (Chapters 1 and 2); second, agency records, although not Chapters 1 and 2 "Public Records", but are records which are open to public inspection (Chapter 3); and third, those records which are statutorily declared confidential and excepted to the "open to public inspection" records (Chapter 3).

In this case it has been held that the records in question were in the hands of a public body. The records sought were those records and applications in the hands of the Search Committee. The applicants sought employment with a public body. The applications were received by that body in its official capacity in connection with aforesaid business. Those applications became part of that body's records.

Chapters 4 and 5 of Title 15 provide for orderly disposition of public records; are later still in origin and are an attempt to keep the governmental Ark afloat on the vast sea of "paperwork" being ever expanded by outpourings of bursting clouds of ubiquitous regulations and computer printouts.

As indicated, portions of the "Public Records" law do apply to the records in the hands of the Search Committee. A citizen has the right to review those records under T.C.A. 15–304 and we reverse the contrary holding.

Costs of appeal are adjudged against appellants.

Done at Jackson in the two hundred and third year of our Independence and in the one hundred and eighty-fourth year of our Statehood.

SUMMERS, J., not participating.

EWELL, J., concurs.