# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

ROBIN M. COLE, )
)
    Plaintiff/Appellant, )
)    Hickman Chancery
)    No. 9512136
VS. )
)    Appeal No.
)    01A01-9603-CH-00140
DONAL CAMPBELL, et al., )
)
    Defendants/Appellees. )

## DISSENTING OPINION

**FILED**

**December 18, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

The court's decision that Robin M. Cole lacks standing to gain access to public records under Tenn. Code Ann. § 10-7-503 (Supp. 1996) rests squarely on *Ray v. Stanton,* App. No. 88-285-II, 1989 WL 14135 (Tenn. Ct. App. Feb. 24, 1989). I have prepared this separate opinion because I fear that the *Ray v. Stanton* decision imposes greater civil disabilities on convicted felons than the applicable statutes permit.

## I.

Robin Cole received a six-year sentence for auto larceny in December 1990. He committed a string of burglaries after being released on parole, and in October 1993 he received three consecutive four-year sentences for burglary. He was originally incarcerated at the Turney Center but was later placed in the Riverbend Maximum Security Institution because of his activities during a riot at the Turney Center in August 1995.

Mr. Cole decided to challenge the Department of Correction's decision to place him in involuntary administrative segregation at the Riverbend Maximum Security Institution. As part of his research to prepare his lawsuit, he requested the warden of the Turney Center to provide him access to the public records in the

department's possession relating to the August 1995 riot.[1]  When the warden declined to respond, Mr. Cole filed suit in the Chancery Court for Hickman County.  The State responded by filing a motion to dismiss on the ground that Mr. Cole lacked standing to request access to public records under this court's interpretation of Tenn. Code Ann. § 10-7-503(a) in *Ray v. Stanton*.  The trial court dismissed Mr. Cole's petition, and this appeal followed.

## II.

Tennessee's public records statute is a broad, remedial act whose purpose is to give the fullest possible access to public records.  *See* Tenn. Code Ann. § 10-7-505(d) (1992); *Memphis Publ'g Co. v. City of Memphis,* 871 S.W.2d 681, 687 (Tenn. 1994); *Memphis Publ'g Co. v. Holt,* 710 S.W.2d 513, 516 (Tenn. 1986).  Despite the policy favoring granting access to public records, this court held in *Ray v. Stanton* that convicted felons lacked standing to invoke the public records statutes.  The court's reasoning was straightforward.  Tenn. Code Ann. § 10-7-503(a) limited the right to inspect public records to "citizens," and convicted felons were not "citizens" because they had been declared infamous upon their conviction pursuant to Tenn. Code Ann. § 40-20-112 (Supp. 1996).  *Ray v. Stanton,* 1989 WL 14135, at *2-3.

The Tennessee Supreme Court never reviewed the *Ray v. Stanton* decision or any of its progeny.  This court has followed *Ray v. Stanton* on three occasions[2] but has also indicated, at least in dictum, its willingness to depart from the decision.  In 1991, we noted that "it would be entirely unjust and unacceptable to deny to a person directly interested (the accused) a privilege granted to all other members of the public." *Freeman v. Jeffcoat,* App. No. 01A01-9103-CV-00086, 1991 WL 165802, at *6 (Tenn. Ct. App. Aug. 30, 1991), *perm. app. denied* (Tenn.

---

[1]The request was broad enough to include documents covered by one or more of the exceptions to the public records statute.  Mr. Cole is not entitled to examine any records that are not covered by the public records statute, and thus this opinion deals only with the portions of the request dealing with public records.

[2]*In re Records Sought by Daniel B. Taylor,* App. No. 01A01-9211-CH-00439, 1993 WL 73905 (Tenn. Ct. App. Mar. 17, 1993) (Memorandum Opinion); *Roberson v. Rose,* 01A01-9108-CV-00275, 1991 WL 261881 (Tenn. Ct. App. Dec. 13, 1991); *Bradley v. Fowler,* C.A. No. 1387, 1991 WL 25929 (Tenn. Ct. App. Mar. 4, 1991).

May 18, 1992) (Not Recommended for Publication). We also noted that the *Freeman v. Jeffcoat* decision "implicitly rejected the proposition that . . . a convicted felon, should be barred from maintaining an action under the Public Records Act." *Capital Case Resource Ctr. of Tenn., Inc. v. Woodall,* App. No. 01A01-9104-CH-00150, 1992 WL 12217, at *7 (Tenn. Ct. App. Jan. 29, 1992). Within the last year, we stated that even if an inmate has the right to inspect public records, the public records statute did not require the custodian of the records to provide the inmate with copies of the records at governmental expense. *Alcorn v. State,* App. No. 01A01-9507-CH-00315, 1995 WL 699964, at *2 (Tenn. Ct. App. Nov. 29, 1995), *perm. app. denied concurring in results only* (Tenn. Mar. 25, 1996).

This decisional uncertainty should prompt us to give *Ray v. Stanton* a second look. Were we to do so, we would conclude that the decision cannot withstand renewed scrutiny because it imposes greater civil disabilities on convicted felons than are permitted by statute.

Tennessee is not one of the relatively few remaining states with a "civil death" statute on the books. A civil death statute is a blanket provision that deprives convicted criminals of all civil or citizenship rights while serving their prison sentence. *See* Special Project, *The Collateral Consequences of a Criminal Conviction,* 23 Vand. L. Rev. 929, 950-51 (1970). Instead, Tennessee has a series of specific disability statutes pertaining to convicted felons. Upon being convicted of any felony, a person loses his or her right to vote, *see* Tenn. Code Ann. § 40-20-112, his or her right to hold public office, *see* Tenn. Code Ann. § 40-20-114 (1990), and his or her right to serve as a fiduciary. *See* Tenn. Code Ann. § 40-20-115 (1990). Persons convicted of certain violent criminal offenses are also prohibited from carrying handguns. *See* Tenn. Code Ann. § 39-17-1307(b) (1991). All these civil rights can be restored using the proceeding authorized by Tenn. Code Ann. §§ 40-29-101, -105 (1990 & Supp. 1996).

The policy implicit in civil death statutes had its origin in the "fogs and fictions of feudal jurisprudence" and is inconsistent with the spirit of our modern spirit of government. *Byers v. Sun Sav. Bank,* 139 P. 948, 949 (Okla. 1914).

Thus, despite the 80-year-old dictum that felons are not citizens because they have been adjudged infamous,[3] we cannot expand the collateral consequences of a criminal conviction beyond those clearly prescribed by the General Assembly. Nothing in the language of the public records statutes or their legislative history provides a basis for concluding that the General Assembly employed the word "citizen" in Tenn. Code Ann. § 10-7-503(a) in order to prevent incarcerated felons from gaining access to public records. Accordingly, I would hold that Mr. Cole has standing to seek access to the public records concerning the August 1995 riot at the Turney Center.

_____
WILLIAM C. KOCH, JR., JUDGE

_____

[3]*In re Petition of Curtis,* 6 Tenn. Civ. App. (Higgins) 12, 18 (1915).