# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

**FILED**

**August 2, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

HERMAN VANDERHEYDEN, d/b/a )
VANDERHEYDEN CONSTRUCTION )
COMPANY, )
                 )
     Plaintiff/Appellant, )     Shelby Chancery No. 110306-2
                 )
**v.** )
                 )     Appeal No. 02A01-9803-CH-00070
AJAY, INC. and FEDERAL SAVINGS )
BANK, )
                 )
     Defendants/Appellees. )

## APPEAL FROM THE CHANCERY COURT OF SHELBY COUNTY
### AT MEMPHIS, TENNESSEE

### THE HONORABLE FLOYD PEETE, JR., CHANCELLOR

For the Plaintiff/Appellant:         For the Defendant/Appellee
                                      AJAY, Inc.:

Robert V. Redding           Michael I. Less
Karen B. Hall                 Clifton M. Lipman
Jackson, Tennessee          Adam M. Nahmias
                                        Memphis, Tennessee

                                      For the Defendant/Appellee
                                      Federal Savings Bank:

                                      Richard M. Carter
                                      Memphis, Tennessee

**REVERSED AND REMANDED**

HOLLY KIRBY LILLARD, J.

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

DAVID R. FARMER, J.

**OPINION**

This is a construction case. The defendant owner hired the plaintiff contractor to build a movie theater. The contract contained an arbitration clause. The owner terminated the contractor before the construction was completed. The contractor filed suit against the owner regarding an amount of money required to be held in escrow pursuant to Tennessee Code Annotated § 66-11-144, which permits the contractor to seek "any remedy in a court of proper jurisdiction . . . ." The trial court stayed the proceedings and ordered the parties to arbitration. We reverse and remand.

On June 25, 1996, Defendant/Appellee AJAY, Inc. ("AJAY") entered into a construction contract with Plaintiff/Appellant Vanderheyden Construction Company ("Vanderheyden Construction") to build a multiple screen movie theater. The original contract price was $3,043,538. The contract included an arbitration provision:

> 4.5.1 *Controversies and Claims Subject to Arbitration.* Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of American Arbitration Association, and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof, except controversies or Claims relating to the aesthetic effect and except those waived as provided for in Subparagraph 4.3.5.

(emphasis in original).

The contract between the parties also provided that AJAY would deposit into escrow a certain percentage of the contract price, based on work performed, as retainage, pursuant to Tennessee Code Annotated § 66-11-144.[1] Tennessee Code Annotated § 66-11-144 provides that, in a contract for the improvement of real property, a certain percentage of the contract price must be deposited by the owner in an escrow account and released to the contractor "[u]pon satisfactory completion of the contract." Tenn. Code Ann. § 66-11-144(c) (1993). Vanderheyden Construction alleges that AJAY agreed to deposit the funds at Defendant/Appellee Federal Savings Bank ("Federal Savings").

On September 25, 1997, AJAY terminated Vanderheyden Construction for alleged "defective and/or deficient work in an untimely manner . . . ." Vanderheyden Construction then discovered that AJAY had not deposited the retainage funds as required.

---

[1]The parties each submitted a copy of the contract with their respective pleadings. The contract provided that the retainage percentage was set at five percent (5%); however, Vanderheyden Construction's copy of the contract indicated that the 5% figure was marked through and 7 ½% was written on the contract twice in the same clause which provided for the retainage amount. AJAY's copy of the contract did not include these alterations. The parties apparently do not dispute the agreed upon percentage of retained funds.

On December 23, 1997, Vanderheyden Construction filed a lawsuit seeking injunctive relief against AJAY, Ambarish Keshani ("Keshani"), vice-president of AJAY, and Federal Savings. Vanderheyden Construction sought a temporary and permanent injunction requiring the defendants to deposit $220,687.98 in an escrow account or with the court. Vanderheyden Construction also sought a judgment against AJAY for the retainage amount, as well as prejudgment and postjudgment interest, or the imposition of an equitable lien on the property in satisfaction of the debt.

Vanderheyden Construction later filed an amended complaint asserting that AJAY breached the contract by, *inter alia,* wrongfully terminating Vanderheyden Construction, interfering with their performance of the contract, and failing to approve and pay for changes requested by AJAY. Vanderheyden Construction also sought declaratory judgment, requesting the trial court declare the arbitration clause void and determine all of the issues between the parties pursuant to Tennessee Code Annotated § 66-11-144.

In AJAY's Answer, it asserted that Vanderheyden Construction was not entitled to injunctive relief because it failed to demonstrate that immediate or irreparable injury would result if the funds were not deposited.[2] AJAY sought to enforce the arbitration clause.

After a hearing, the trial court held that Vanderheyden Construction's claims were subject to arbitration and stayed the proceedings pending arbitration:

> It appears to the Court . . . that the contract between the parties requires that all disputes arising out of or in connection with the construction contract between the parties be resolved by arbitration in the manner set out in the contract, and that the relief sought and the claims asserted in Vanderheyden's Amended Complaint for Injunctive Relief do arise out of or are connected with the construction contract and, therefore, are subject to the arbitration agreement between the parties and, therefore, this matter must be stayed and all claims of Plaintiff Vanderheyden must be resolved by arbitration.

On February 27, 1998, Vanderheyden Construction filed a motion for certification as a final judgment under Rule 54.02 of the Tennessee Rules of Civil Procedure, or in the alternative, permission to file an interlocutory appeal under Rule 9 of the Tennessee Rules of Appellate Procedure. The trial court denied Vanderheyden Construction's motion for certification as a final judgment but granted Vanderheyden Construction permission to file an interlocutory appeal.

---

[2]On January 12, 1998, in accordance with Rule 41 of the Tennessee Rules of Civil Procedure, Vanderheyden Construction voluntarily dismissed Keshani from the action.

Vanderheyden Construction now appeals the trial court's order staying the court proceedings and requiring the parties to arbitrate.

On appeal, Vanderheyden Construction argues that the trial court erred in ordering the parties to arbitration because Tennessee Code Annotated § 66-11-144, by providing the contractor a "remedy in a court of proper jurisdiction . . . ," creates an exception to the enforcement of an arbitration clause under the Tennessee Uniform Arbitration Act, Tennessee Code Annotated § 29-5-301, *et seq.* Vanderheyden Construction also argues that the Tennessee Uniform Arbitration Act is unconstitutional as a violation of Article 1, Section 17, the open courts provision, of the Tennessee Constitution.[3]

On appeal, the pertinent facts in this case are undisputed. Questions of law are reviewed *de novo* without a presumption of correctness. **Campbell v. Florida Steel Corp.**, 919 S.W.2d 26, 35 (Tenn. 1996).

Tennessee Code Annotated § 66-11-144 provides as follows:

(a) Whenever, in any contract for the improvement of real property, a certain amount or percentage of the contract price is held back by the owner or contractor, that retained amount shall be deposited in a separate escrow account with a third party giving proper security for the performance of the obligation of the owner or contractor.

(b) As of the time of the deposit of the retained funds, such funds shall become the sole and separate property of the contractor, subcontractor, materialman, or laborer to whom they are owed.

(c) Upon satisfactory completion of the contract, to be evidenced by a written release by the owner or contractor, all funds accumulated in the escrow account together with any interest thereon shall be paid immediately to the contractor, subcontractor, materialman or laborer to whom such funds and interest are owed.

(d) In the event the owner or contractor fails or refuses to execute the release provided for in subsection (c), *then the contractor, subcontractor, materialman, or laborer, shall seek any remedy in a court of proper jurisdiction* and the person holding the fund as escrow agent shall bear no liability for the nonpayment thereof to the contractor, subcontractor, materialman, or laborer.

---

[3]The Attorney General notified the Court by letter that the Office of Attorney General would not intervene in this matter unless this Court reached the constitutionality of the Tennessee Uniform Arbitration Act, Tennessee Code Annotated § 29-5-301, *et seq.*

> (h) Compliance with this section shall be mandatory, and may not be waived by contract.

Tenn. Code Ann. § 66-11-144 (1993) (emphasis added). The Tennessee Uniform Arbitration Act provides, in part, that any agreement between parties to submit an existing or future dispute to arbitration is binding and enforceable, and courts are granted jurisdiction to enforce arbitration awards. *See* Tenn. Code Ann. § 29-5-302 (Supp. 1998).

The first issue on appeal is Vanderheyden Construction's contention that the trial court erred in denying its request for an injunction requiring AJAY and Federal Savings to deposit into escrow the retainage in dispute. Vanderheyden Construction argues that the language in Tennessee Code Annotated providing for the deposit of the funds into escrow is mandatory.

In response, AJAY argues that Vanderheyden Construction is not entitled to injunctive relief because it cannot demonstrate irreparable injury. AJAY contends that Vanderheyden Construction must show that it satisfactorily completed the contract under Tennessee Code Annotated § 66-11-144.

Federal Savings argues that Tennessee Code Annotated § 66-11-144(d) releases it from liability for the nonpayment of the funds by providing that "the person holding the fund as escrow agent shall bear no liability for the nonpayment thereof to the contractor . . . ." Tenn. Code Ann. § 66-11-144(d) (1993). Consequently, Federal Savings contends that Vanderheyden Construction has no claim against it, nor any basis for injunctive relief.

Tennessee Code Annotated § 66-11-144 provides, in part:

> (a) Whenever, in any contract for the improvement of real property, a certain amount or percentage of the contract price is held back by the owner or contractor, that retained amount *shall* be deposited in a separate escrow account with a third party giving proper security for the performance of the obligation of the owner or contractor.

Tenn. Code Ann. § 66-11-144(a) (1993) (emphasis added). It is undisputed that AJAY did not deposit the retainage in an escrow account with a third party as required by the statute. AJAY says that the funds that would have been deposited into escrow were used to correct and complete Vanderheyden Construction's unsatisfactory work. However, Section 66-11-144 states that owners "shall" deposit the retainage percentage in an escrow account. This language is mandatory and not discretionary. *Gabel v. Lerma*, 812 S.W.2d 580, 582 (Tenn. App. 1990) (citing *Stubbs v. State*, 393

S.W.2d 150 (Tenn. 1965)). Even if AJAY contends that Vanderheyden Construction's work was not satisfactory, the funds must be deposited into escrow until the dispute between the parties is resolved. Therefore, the trial court erred in failing to grant an injunction requiring AJAY to deposit the retainage into escrow. The trial court is reversed on this issue, and the cause must be remanded for entry of an appropriate order.

Vanderheyden Construction next argues that the trial court erred in staying the court proceedings and ordering the parties to arbitration. It notes that Tennessee Code Annotated § 66-11-144(d) provides that if the owner refuses to pay the retainage to the contractor, "then the contractor . . . shall seek any remedy in a court of proper jurisdiction . . . ." Vanderheyden Construction asserts that this statutory remedy would be nullified if the arbitration provision were enforced. It argues that Tennessee Code Annotated § 66-11-144 is a statute enacted specifically to address a situation such as this, which must control over a general statute such as the Tennessee Uniform Arbitration Act, providing generally for the enforcement of any contractual arbitration provision. AJAY contends that Vanderheyden Construction must first show "satisfactory completion of the contract" under Tennessee Code Annotated §66-11-144(c). AJAY maintains that the trial court correctly enforced the parties' agreement to arbitrate disputes because public policy in Tennessee favors alternative dispute resolution.

In construing statutes, courts are "restricted to the natural and ordinary meaning of the language used by the Legislature within the four corners of the statute, unless an ambiguity requires resort elsewhere to ascertain legislative intent." *Austin v. Memphis Publishing Co.*, 655 S.W.2d 146, 148 (Tenn. 1983); *see also Memphis Publ'g Co. v. Holt*, 710 S.W.2d 513, 516 (Tenn. 1986). Tennessee courts have also addressed situations in which both a general and a specific statute are applicable:

> Where there is a general provision applicable to a multitude of subjects, and also a provision which is particular and applicable to one of these subjects, and inconsistent with the general provision, it does not necessarily follow that they are so inconsistent that they both cannot stand. The special provision will be deemed an exception, and the general provision will be construed to operate on all the subjects introduced therein except the particular one which is the subject of the special provision.

*State ex rel v. Safely*, 112 S.W.2d 831, 833 (Tenn. 1938) (citing *Crane v. Reeder*, 22 Mich. 322 (1871)); *see also Commercial Standard Ins. Co. v. Hixson*, 133 S.W.2d 493, 495 (Tenn 1939);

*Cordova Area Residents for the Environment v. City of Memphis*, 862 S.W.2d 525 (Tenn. App. 1992).

The Tennessee Uniform Arbitration Act is clearly a general statute, applicable in nearly any situation in which the parties have agreed to submit disputes to arbitration. *See* Tenn. Code Ann. §29-5-302 (Supp. 1998). On the other hand, Tennessee Code Annotated § 66-11-144 applies only to contracts for the improvement of real property in which the contract price is $500,000 or greater. *See* Tenn. Code Ann. § 66-11-144(g) (1993). Sections (a) and (b) require the owner to deposit a certain percentage of the contract price in an escrow account, and the statute also gives protection to the contractor by providing that the retainage is the property of the contractor. *See* Tenn. Code Ann. § 66-11-144(a)-(b) (1993). Unlike the Uniform Arbitration Act, Tennessee Code Annotated § 66-11-144 is specific in nature and applies to the situation set out in the statute.

In situations falling within the provisions of the statute, it sets forth a remedy for disputes regarding retainage by mandating that "the contractor . . . shall seek *any remedy in a court of proper jurisdiction . . . .*" Tenn. Code Ann. § 66-11-144(d) (1993). This statute is not ambiguous. Giving the language its ordinary and natural meaning, it states that the contractor may go to court to recover the retainage. *See Austin*, 655 S.W.2d at 148; *Memphis Publ'g Co.*, 710 S.W.2d at 516. Moreover, Tennessee Code Annotated § 66-11-144(h) states that "[c]ompliance with this section shall be mandatory, and may not be waived by contract." Tenn. Code. Ann. §66-11-144(h) (1993). This indicates that the remedy for the contractor set forth in the statute cannot be waived by the contractual arbitration provision.

Under all of these circumstances, we must conclude that the remedy set forth in the statute is the exclusive remedy for disputes arising under the statute. Therefore, we find that the trial court erred in staying the proceedings below and ordering the parties to arbitration. The decision of the trial court is reversed and remanded for further proceedings.

This holding pretermits the issue regarding the constitutionality of the Tennessee Uniform Arbitration Act, as well as the issues raised by Federal Savings.

The decision of the trial court is reversed, and the cause is remanded for further proceedings consistent with this Opinion. Costs are taxed against the Appellee, for which execution may issue if necessary.

_____
_____HOLLY KIRBY LILLARD, J.

**CONCUR:**

_____
**W. FRANK CRAWFORD, P. J., W.S.**

_____
**DAVID R. FARMER, J.**