IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 31, 2000

**RONALD L. DAVIS v. ROBERT SANDERS, ET AL.**

**Appeal from the Chancery Court for Maury County**
**No. 98-441     Stella L. Hargrove, Judge**

_____

**No. M2000-01600-COA-R3-CV - Filed March 28, 2001**

_____

A prisoner filed a petition under the Public Records Act, asking the court to order a prosecutor and a police chief to send him their files on his case. The prosecutor claimed that he had in fact sent a copy of the requested files to the petitioner. The trial court dismissed the petition. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Reversed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and PATRICIA J. COTTRELL, joined.

Ronald L. Davis, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Ellen H. Pollack, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.**

In 1982, Ronald L. Davis was convicted in the Maury County Criminal Court of aiding and abetting second degree murder. The court sentenced him to 99 years for the offense. In May and June of 1998, Mr. Davis sent letters to the District Attorney General's office in Columbia, the Maury County Police Chief, the Circuit Court Clerk, and the County Sheriff, asking them to send him copies of his arrest and investigative records. The letter stated that the request was being made pursuant to Tenn. Code. Ann. § 10-7-503 of the Public Records Act, and that Mr. Davis expected the material to be sent within ten working days of the receipt of the letter.[1]

_____

[1] The Public Records Act does not set forth any time limit within which a public record must be made available to an inmate in the custody of the Tennessee Department of Correction.

According to the affidavit of Terri H. McMeen, secretary and legal assistant in the office of 22nd Judicial District Attorney Mike Bottoms, Mr. Davis' letter to her office was postmarked June 22, 1998. Ms. McMeen stated that the D.A.'s file on Mr. Davis was copied, and that on June 30 it was mailed to the address listed on his request, with enough postage to carry it to its destination.

On July 24, 1998, Mr. Davis filed a pleading styled as a "PETITION FOR PUBLIC RECORD ACT." He named Assistant District Attorney Robert Sanders and Police Chief James Boyd as respondents, and claimed that they had failed to send him the files he requested, thereby hampering the parole board's review of his case. He also claimed that the respondents' alleged omissions caused him great mental suffering, and that their acts were violations of his constitutional rights, and were actionable under 42 U.S.C. § 1983. He asked for $25,000 in compensatory damages and $50,000 in punitive damages against the respondents.

On October 2, 1998, Mr. Sanders filed a Motion to Dismiss and/or for Summary Judgment, for failure to state a claim upon which relief can be granted. *See* Rule 12.02(6), Tenn. R. Civ. P. The motion was supported by a Memorandum of Law and a Statement of Undisputed Facts. *See* Rule 56.03, Tenn. R. Civ. P. In his memorandum, Mr. Sanders argued among other things that he did not violate the requirements of the Public Records Act, because the affidavit of Ms. McMeen proved that he granted Mr. Davis' request. Chief Boyd filed an Answer on October 6, which simply amounted to a general denial of the allegations of the petition.

Mr. Davis filed a motion in opposition to the motion of Mr. Sanders, in which he asked the court to strike the affidavit of Ms. McMeen as impertinent and not based upon personal knowledge. He also alleged that he had never received the files that Mr. Sanders claimed to have sent, and he submitted pages from the legal mail logbook of the prison post office for the dates July 1, 1998 to July 6, 1998. The logbook pages indicate that Mr. Davis received legal mail on July 1,2 and 6, but it does not appear that any of that mail came from Mr. Sanders' office.

On June 15, 2000, the trial court dismissed Mr. Davis' petition as to both respondents for failure to state a claim upon which relief can be granted. The chancellor found that the evidence indicated that Mr. Sanders had sent the requested files and complied with the Public Records Act. She also found that it had long been the standard practice of the District Attorney for the 22nd Judicial District to incorporate in his files the full investigative file of the prosecuting agency, and thus that all of the records of Chief Boyd would have been part of the file provided by the District Attorney. This appeal followed.

## II.

The chancellor recited that she was summarily dismissing Mr. Davis' petition for failure to state a claim. It is thus unclear from her order whether she was acting under Rule 12.02(6) or Rule 56 of the Rules of Civil Procedure. It is apparent, however, that she relied upon the affidavit of Ms. McMeen to conclude that the D.A.'s office had mailed the requested file. Under Rule 12.02(6),

"[i]f . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

In this appeal, we must therefore review the actions of the chancellor in light of the well-established standards for decision on a summary judgment motion. The court may grant summary judgment only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Taylor v. Nashville Banner Publishing Co.*, 573 S.W.2d 476 (Tenn. Ct. App. 1978). The burden of showing that no genuine issue of material fact exists rests on the moving party. In ruling on the motion, the trial court must view the record in the light most favorable to the non-moving party. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993).

Tenn. Code. Ann. § 10-7-503 states that public records "shall at all times, during business hours, be open for personal inspection by any citizen of Tennessee, and those in charge of such records shall not refuse such right of inspection to any citizen, unless otherwise provided by state law." Tenn. Code. Ann. § 10-7-504 contains a list of types of records that are considered to be confidential, and therefore not subject to inspection by the public.

That list does not include the types of records sought by the appellant. In fact, our Supreme Court has ruled that a closed investigative file of a municipal police department must be made available for inspection by the media and the public. *Memphis Publishing Co. v. Holt*, 710 S.W.2d 513 (Tenn. 1986). We note that for purposes of the Public Records Act, a convicted felon is a "citizen" and has standing to seek public records pursuant to the Act. *Cole v. Campbell*, 968 S.W.2d 274 (Tenn. 1998).

In support of his Motion to Dismiss, Mr. Sanders argued that the Public Records Act does not impose a duty on the keeper of the records to make copies of those records and send them to incarcerated individuals, but only to make them available for public inspection during regular business hours. He cited an opinion of the Tennessee Attorney-General, No. 86-98 (May 19, 1986) which supports such an interpretation of the Act.[2] The appellee claimed that he chose to go to the trouble and expense of copying and mailing the requested documents as a demonstration of good faith, not because of any statutory or other legal requirement.

We need not decide this question, however, for on appeal before this court, Mr. Sanders did not renew his argument that he was not obligated to send to Mr. Davis the records he demanded. He merely alleged that the district attorney's office fully complied with the Act by mailing the records to the appellant.

---

[2] The appellee also cites an opinion issued by this court, *Alcorn v. State*, No. 01-A-01-9507-CH-00315 (filed Nov. 29, 1995, at Nashville). Our reasoning in that case was consistent with the Attorney General's opinion. We note, however, that our Supreme Court denied Mr. Alcorn's application for certiorari, concurring with our opinion in results only (DCRO), and thus leaving the legal question under discussion open for another day.

Mr. Sanders argues that a presumption of due receipt of a letter arises from evidence that such a letter, properly stamped and correctly addressed, was deposited in the post office. *See Southern Region Industrial Realty, Inc., v. Chattanooga Warehouse and Cold Storage Company, Inc.,* 612 S.W.2d 162, 164 (Tenn. Ct. App. 1980). Thus, if there were no countervailing evidence, the affidavit of Ms. McMeen would probably be a sufficient basis for a summary judgment in favor of the appellee.

Mr. Davis has denied receiving the records, however, and his sworn affidavit, supported by several pages of the prison's legal mail logbook is sufficient to raise a question of material fact as to whether the requested records were actually sent, as well as whether they were ever received by their intended recipient. It was thus inappropriate to grant Mr. Sanders summary judgment on the claim against him.

Even if we found, however, that Mr. Sanders had successfully negated any question of material fact as to whether his office had sent the records, we do not believe that would dispose of Mr. Davis' claim against Chief Boyd. We are troubled by the chancellor's final order, which states that

> "The Court also recognizes that it has long been the standard practice for the District Attorney General of the 22[nd] Judicial District to incorporate in his files the full investigative file of the prosecuting agency. All records of Defendant Boyd, in the investigation and prosecution of the murder would be a part of the file provided by Defendant, Sanders, herein. Therefore the Court concludes that there has been full compliance with the Open Records Act, rendering all other issues moot."

We do not see anything in the record to indicate what constitutes the standard practice in the 22nd Judicial District, or whether in this instance the District Attorney complied with any such standard. Ms. McMeen's affidavit contains no information about the contents of the file that was allegedly mailed to Mr. Davis. We therefore reverse the chancellor's order dismissing the claim against Chief Boyd.

### III.

The judgment of the trial court is reversed. Remand this cause to the Chancery Court of Maury County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellee, Robert Sanders.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.

-4-