IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 9, 2014 Session

## THE TENNESSEAN, ET AL. v. METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, ET AL.

Appeal from the Chancery Court for Davidson County
No. 14156IV     Russell T. Perkins, Chancellor

No. M2014-00524-COA-R3-CV - Filed September 30, 2014

W. NEAL MCBRAYER, J., dissenting.

The Court's decision in this case excepts materials that are "relevant to a pending or contemplated criminal action" from disclosure under the Public Records Act based upon Tennessee Rule of Criminal Procedure 16(a)(2). I find such a conclusion inconsistent with a fair reading of Rule 16(a)(2) and, therefore, respectfully dissent. However, because the trial court should have considered the victim's rights, the criminal defendants' Sixth Amendment rights under the United States Constitution, and the State's interests in a fair trial before determining what materials were subject to public inspection, I would vacate the trial court's ruling and remand for further proceedings.

The Public Records Act has been described as an "all encompassing legislative attempt to cover all printed material created or received by government in its official capacity." *Griffin v. City of Knoxville*, 821 S.W.2d 921, 923 (Tenn. 1991) (quoting *Bd. of Educ. of Memphis City Sch. v. Memphis Publ'g Co.*, 585 S.W.2d 629, 630 (Tenn. Ct. App. 1979)). The Act provides that "[a]ll state, county, and municipal records shall, at all times during business hours . . . be open for personal inspection by any citizen of this state, and those in charge of the records shall not refuse such right of inspection to any citizen, unless otherwise provided by state law." Tenn. Code Ann. § 10-7-503(a)(2)(A) (Supp. 2014). The Legislature has further directed that the Act "be broadly construed so as to give the fullest possible public access to public records." Tenn. Code Ann. § 10-7-505(d) (Supp. 2014). Our Supreme Court has interpreted these provisions to create a legislatively-mandated presumption favoring openness and disclosure of government records. *Schneider v. City of Jackson*, 226 S.W.3d 332, 340 (Tenn. 2007) (citing *State v. Cawood*, 134 S.W.3d 159, 165

(Tenn. 2004); *Tennessean v. Elec. Power Bd.*, 979 S.W.2d 297, 305 (Tenn. 1998); *Arnold v. City of Chattanooga*, 19 S.W.3d 779, 785 (Tenn. Ct. App. 1999)). Absent an applicable exception, this mandate requires disclosure of public records "even in the face of serious countervailing considerations." *Id*. (quoting *Memphis Publ'g Co. v. City of Memphis*, 871 S.W.2d 681, 684 (Tenn. 1994)).

The Tennessee Supreme Court has utilized the Tennessee Rules of Criminal Procedure, and Rule 16(a)(2) in particular, as a basis for excepting materials from disclosure under the Public Records Act. *Appman v. Worthington*, 746 S.W.2d 165, 166 (Tenn. 1987).[1] In *Schneider v. City of Jackson*, 226 S.W.3d 332 (Tenn. 2007), the Supreme Court extended the Rule 16(a)(2) exception to public records requests made by citizens other than criminal defendants or their counsel. 226 S.W.3d at 341. The majority reads *Schneider* as also extending the Rule 16(a)(2) exception to materials that are "relevant to a pending or contemplated criminal action." In my view, such an extension of the Rule 16(a)(2) exception is not warranted by *Schneider*.

Although in *Schneider* the Court granted the City of Jackson an opportunity to review the field interview cards or portions of the cards to determine whether any of the information was "involved in an ongoing criminal investigation," the Court only directed such a review after finding that the "cards would clearly have been exempt from disclosure under Rule 16(a)(2)" and *Appman v. Worthington*, 746 S.W.2d 165 (Tenn. 1987). *Id*. at 345-36. Field interview cards seemingly would fall within the ambit of Rule 16(a)(2) either as a "report, memorandum, or other internal state document made by . . . law enforcement officers" or as including "statements made by state witnesses or prospective state witnesses." *See* Tenn. R. Crim. P. 16(a)(2). Witnesses described the field interview cards as the police officers' "work product." 226 S.W.3d at 337. As the court of appeals has previously explained, Tennessee Rule of Criminal Procedure 16(a)(2) "embodies the work product doctrine as it applies to criminal cases." *Swift v. Campbell*, 159 S.W.3d 565, 572 (Tenn. Ct. App. 2004).

In this case, the Metropolitan Government of Nashville and Davidson County

---

[1] In *Memphis Publishing Co. v. Holt*, 710 S.W.2d 513 (Tenn. 1986), the Supreme Court declined to apply Tennessee Rule of Criminal Procedure 16(a)(2) as an exception to the Public Records Act where the records in question were part of a closed investigative file. 710 S.W.2d at 517. The Supreme Court also noted that Rule 16(a)(2)'s "limitation on access to records applies only to discovery in criminal cases." *Id*. At the time *Holt* was decided, public records were open to inspection "unless otherwise provided by state statute." *Id*. at 515. In 1991, the Legislature replaced the phrase "state statute" with "state law." 1991 Tenn. Pub. Acts 598.

("Metro") conceded in both its brief[2] and at oral argument that the materials sought by the Petitioners had been provided to the criminal defendants, placing the materials outside the scope of materials described in Rule 16(a)(2). Certainly, the materials making up Metro's records regarding the alleged rape on the Vanderbilt campus, as described by the trial court, would not all fall within the description of documents found in Rule 16(a)(2). As a result, I conclude, as did the trial court, that the materials sought by Petitioners were not completely excepted from disclosure under the Public Records Act by virtue of Rule 16(a)(2).

Although Tennessee Rule of Criminal Procedure 16(a)(2) does not except from disclosure all of the public records requested by the Petitioners, this determination does not end the inquiry. As the court of appeals has previously noted, by excepting from disclosure public records made confidential "by state law," statutes, the Constitution of Tennessee, the common law, and administrative rules and regulations all became potential sources of exceptions to the Public Records Act. *Swift*, 159 S.W.3d at 571-72. Exceptions may be either explicit or implicit. *See id.* at 572 (the court's role in interpreting and applying the Public Records Act "is to determine whether state law either explicitly or implicitly excepts particular records or a class of records from disclosure . . . ."). The trial court here identified three potential exceptions in addition to Rule 16(a)(2): the agreed protective order entered by the criminal court, the constitutional rights of the accused in a criminal case, and the Victims' Bill of Rights. However, having identified three potential exceptions, the trial court addressed only one, the agreed protective order. The trial court properly concluded that materials covered by the agreed protective order were excepted from disclosure under the Public Records Act. *See Ballard v. Herzke*, 924 S.W.2d 652, 662 (Tenn. 1996). As for the other two potential exceptions, the trial court deferred to the criminal court.

Having been presented with the question of whether the public records were excepted from disclosure under state law, the trial court should have addressed all potential exceptions brought to its attention by Metro and the victim.[3] Deferring such determinations to the criminal court for consideration at a later date presents the unacceptable potential for public release of materials adversely impacting the victim's rights under Article 1, § 35 of the Tennessee Constitution and Tennessee Code Annotated sections 40-38-101 through 506, the

---

[2] In its brief, Metro states "[t]he Petitioners request access to the same information that is provided to a criminal defendant in a prosecution." Metro then states that "The criminal defendant is entitled to this information pursuant to Tennessee Rule of Criminal Procedure 16 and under the supervision of the Criminal Court."

[3] I reject the notion, argued by the Petitioners, that only criminal defendants could raise Sixth Amendment rights to a "fair trial" as an exception to the Public Records Act in an action authorized by Tennessee Code Annotated section 10-7-505. Metro's general fair trial interests are sufficient to assert exceptions to public disclosure based on rights that typically belong only to criminal defendants.

criminal defendants' rights to a fair trial under the Sixth Amendment to the United States Constitution, and Metro's general fair trial interests. I would find that these rights and interests constitute "state law" exceptions to the Public Records Act.

While these exceptions might well lead to the same result reached by the majority in this case, the place for application of these exceptions in the first instance is the trial court. Therefore, I would vacate the trial court's ruling and remand for further proceedings.

_____
W. NEAL McBRAYER, JUDGE