John E. APPMAN and Herbert S. Moncier, Petitioners–Appellees,

v.

Sgt. James WORTHINGTON, Administrative Assistant of Internal Affairs, Morgan County Regional Correctional Facility, State of Tennessee, Department of Correction, Respondent–Appellant.

Supreme Court of Tennessee, at Nashville.

Nov. 23, 1987.

Rehearing Granted Dec. 21, 1987.

W.J. Michael Cody, Atty. Gen., and Reporter, David M. Himmelreich, Deputy Atty. Gen., Nashville, for respondent-appellant.

John E. Appman, Jamestown, Herbert S. Moncier, Knoxville, for petitioners-appellees.

## OPINION

COOPER, Justice.

This appeal presents the issue of whether records of the investigation into the death of an inmate of a state correctional facility are available for inspection under T.C.A. § 10–7–503 of the Public Records Act. We hold that they are not where, as in this case, the records are relevant to a pending criminal prosecution.

Carl Estep, an inmate in the Morgan County Regional Correctional Facility, was killed by fellow inmates on January 15, 1985. Sergeant James Worthington, Administrative Assistant for Internal Affairs at the correctional facility, immediately began an investigation of the death of Mr. Estep. Subsequently, the Grand Jury for Morgan County returned indictments charging Thomas Street, Nicholas Todd Sutton, and Charles Arnold Freeman with murder in the first degree in the death of Mr. Estep. David W. Stufflestreet was indicted as an accessory after the fact.

Two of the indicted defendants, Nicholas Todd Sutton and David W. Stufflestreet, and their counsel made discovery requests in the Morgan County Criminal Court and had a subpoena *duces tecum* issue from the clerk of the court on June 2, 1985. The subpoena invoked the Public Records Act

and was directed to all records and documents in the possession and control of Sergeant Worthington "relating to the death of Carl Estep...." On September 19, 1985, Assistant District Attorney General Mike Pemberton advised counsel that the records and documents named in the subpoena *duces tecum* would not be released to counsel.

On September 20, 1985, defense counsel (John E. Appman and Herbert S. Moncier) and the indicted defendants (Sutton and Stufflestreet), filed a petition in the Chancery Court of Davidson County seeking a judicial review of the denial of access to the records.

A show cause hearing was held in the Chancery Court of Davidson County and access to the records was denied petitioners, the court finding that the documents requested were related to an ongoing criminal prosecution and were exempt for inspection under Rule 16 of the Tennessee Rules of Criminal Procedure. The Court of Appeals held that "Rule 16 relates only to the rights and duties of parties to a criminal case as to discovery from each other, and not the rights of citizens to access to public records," reversed the judgment of the trial court and remanded the case for additional pleading and the hearing of evidence.

T.C.A. § 10–7–503 grants any citizen of Tennessee access to all state, county, and municipal records not excepted by state statute. T.C.A. § 10–7–504 identifies several classes of records not subject to inspection by citizens of this state. Included are investigative files of the Tennessee Bureau of Investigation and the Motor Vehicle Enforcement Division of the Department of Safety, the books, records, and other materials in the possession of the Attorney General, and since December 11, 1985, "[a]ll investigative records and reports of the internal affairs of the department of correction." However, at the time petitioners sought access to the records in the custody of Sergeant Worthington, the records of the Internal Affairs of the Department of Correction were not among the

listed classes of records that are exempted from public inspection, whatever the circumstances. Neither were they included in the numerous statutes classifying described records as being confidential.[1] The exemption of the records of the Internal Affairs of the Department of Correction from inspection by the public, if any, must be on a basis other than having been given a blanket exemption. One such basis is that set forth in the Tennessee Rules of Criminal Procedure. These rules became effective on July 13, 1978, upon the governor's approval of a joint resolution of the legislature adopting the rules, and have the force of law. *See Tennessee Dep't of Human Services v. Vaughn,* 595 S.W.2d 62 (Tenn.1980).

■ Rule 16 provides for the disclosure and inspection of categories of evidence in the possession of the state or in the possession of the defendant. However, the disclosure and inspection granted by the rule "does not authorize the discovery or inspection of reports, memoranda, or other internal state documents made by ... state agents or law enforcement officers in connection with the investigation or prosecution of the case, ..." Rule 16(a)(2) of the Rules of Criminal Procedure. This exception to disclosure and inspection does not apply to investigative files in possession of state agents or law enforcement officers, where the files have been closed and are not relevant to any pending or contemplated criminal action, but does apply where the files are open and are relevant to pending or contemplated criminal action. *See Memphis Publishing Company v. Holt,* 710 S.W.2d 513 (Tenn.1986). *See also State v. Goodman,* 643 S.W.2d 375 (Tenn. Crim.App.1982), which holds that a fiber and hair analysis report by an F.B.I. agent was, prior to delivery of the report to the district attorney general, "within the possession, custody or control of the State" for the purposes of Rule 16(a)(1)(D), T.R.Cr.P.

■ The memoranda, documents and records sought to be inspected by appellees in this case are the results of the investigation by Internal Affairs of the Department

---

1. Twenty-six such statutes are set forth in the    cross references to T.C.A. § 10–7–504.

of Correction into the murder of Carl Estep, an inmate in a correctional facility operated by the state. Several inmates of the facility, including the petitioner Nicholas Todd Sutton, were indicted for the murder of Mr. Estep. Petitioner, David W. Stufflestreet, was indicted as an "accessory after the fact." The materials sought by appellees are relevant to the prosecution of the petitioners and other inmates charged with offenses arising out of the murder of Carl Estep. These prosecutions have not yet been terminated. It necessarily follows under Rule 16(a)(2) that access to the materials in the possession of Sergeant Worthington are not subject to inspection by appellees, who are counsel for the indicted petitioner-inmates.

The judgment of the Court of Appeals is reversed. The judgment of the trial court is affirmed. Costs incident to the appeal will be paid by appellees, John Appman and Herbert S. Moncier.

HARBISON, C.J., and FONES, DROWOTA and O'BRIEN, JJ., concur.

### ORDER

Appellees, Herbert S. Moncier and John E. Appman, have filed a petition to rehear asking this court to reassess the costs in this cause. On consideration, the petition to rehear is granted, and the judgment heretofore entered in that cause is amended to adjudge costs against the State of Tennessee.