**Sabin R. THOMPSON,
Petitioner/Appellant,**

v.

**Jeff REYNOLDS, in his capacity as
Commissioner of the Department of
Corrections, Respondent/Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

March 17, 1993.

Permission to Appeal Denied by
Supreme Court July 6, 1993.

Bradley A. MacLean, N. Sue Van Sant Palmer, Farris, Warfield & Kanaday, Nashville, for petitioner/appellant.

Charles W. Burson, Atty. Gen. and Reporter, Cecil H. Ross, Asst. Atty. Gen., Nashville, for respondent/appellee.

### OPINION

CANTRELL, Judge.

This is an action to obtain access to records and reports generated by the Internal Affairs Division of the Tennessee Department of Correction prior to 1985. The chancellor held the documents were confidential and not subject to public disclosure. We affirm.

### I.

Richard Taylor, a person under a death sentence for murdering Ronald Wayne Moore, a guard at the Turney Center Correction Facility in 1981, filed a petition for post-conviction relief in the Criminal Court of Williamson County on September 11, 1990. The petitioner, Sabin R. Thompson, represents Mr. Taylor in that proceeding. On June 20, 1991, Ms. Thompson, pursuant to the Tennessee Open Records Act, Tenn. Code Ann. § 10–7–503(a), requested access to certain records of the Tennessee Department of Correction pertaining to any departmental investigation of Officer Moore's death. The department refused the request and this action resulted.

On April 24, 1992, Mr. Thompson filed a petition in the Chancery Court of Davidson County seeking the right to inspect the records identified in the original demand. The Commissioner of the Department of Correction filed a response claiming that the records were confidential (and thus exempt from disclosure pursuant to Tenn. Code Ann. § 10–7–504(a)(8)) and that the petitioner was proceeding in the wrong

court. Without an evidentiary hearing, the chancellor held the records sought in the request were confidential and dismissed the petition.

## II.

In Tenn.Code Ann. § 10–7–503(a) the legislature has provided that:

All state, county and municipal records ... except any public documents authorized to be destroyed by the county public records commission in accordance with § 10–7–404, shall at all times, during business hours, be open for personal inspection by any citizen of Tennessee, and those in charge of such records shall not refuse such right of inspection to any citizen, unless otherwise provided by state law.

Certain records are, however, made confidential by statute. *See* Tenn.Code Ann. § 10–7–504. If public officials deny access to the records under their control, *any* citizen making the request has a right to obtain judicial review of the denial, Tenn. Code Ann. § 10–7–505(a). In the judicial proceedings the official has the burden of justifying the denial of disclosure. Tenn. Code Ann. § 10–7–505(c).

Crucial to the disposition of this case is the provision in Tenn.Code Ann. § 10–7–504(a)(8) which became effective on December 11, 1985:

All investigative records and reports of the internal affairs division of the department of correction or of the department of youth development shall be treated as confidential and shall not be open to inspection by members of the public....

## III.

### A.

In his first issue the appellant focuses on the fact that the records he seeks were not confidential when his client was convicted of killing Officer Moore in 1981. Therefore, he argues, the 1985 amendment does not cover the records in question because they were already open to inspection and could not be made confidential again by legislative action.

We think the legislature's power as construed by the appellant is much too narrow. It was the legislature that opened the door making the records public in the first place. Certainly, in light of subsequent events, the legislature could decide that its policy was too broad and close the door on certain records. The case of *Appman v. Worthington*, 746 S.W.2d 165 (Tenn.1987) supports our conclusion. In that case, a petitioner sought some internal affairs division records arising from the investigation of a prison death occurring in January 1985. The petition was filed on September 20, 1985. The court held that the Department of Correction could not avail itself of the statutory exception for internal affairs documents because the statute making them confidential had not gone into effect when the request was filed. *Id.* at 166. Although not directly on point, the case does contain an indication that the Supreme Court considered the date the statute went into effect as the critical date, not the date the documents were generated.

### B.

The appellant also argues that holding the records in question confidential violates the legislatively stated policy of construing the open records act in favor of the fullest possible public access to public records. As we see it, however, this is not a problem of statutory construction. Tenn.Code Ann. § 10–7–504(a)(8) is clear and unambiguous. Hence there is no reason to speculate about the legislative intent. *See Memphis Publishing Co. v. Holt*, 710 S.W.2d 513 (Tenn. 1986).

### IV.

Next, the appellant contends the chancellor erred in holding all the documents confidential without requiring any proof on the part of the commissioner. This argument assumes there is a factual issue with respect to whether the documents involved came within the provisions of Tenn.Code Ann. § 10–7–504(a)(8). We find that no factual dispute exists.

■ The appellant's original request designates "all documents referring or relating to, or reflecting upon the *investigation* into the death of Ronald Wayne Moore...." (emphasis added). On its face, the request seems to describe the records made confidential by statute. The request, however, went on to name specific items, and the response from the Department of Correction—which the appellant filed as an exhibit to the complaint—contains the reasons why the records were not furnished. Not all the records requested were deemed confidential, and the response pointed out where they might be obtained.

The complaint does not allege that the Department of Correction's classification is incorrect. In effect the complaint says, "Here are the records we are seeking and here is the commissioner's reasons for not furnishing them." Thus, we conclude that the record contained sufficient facts for the chancellor to conclude that the records in dispute were confidential.

The judgment of the court below is affirmed, and the cause is remanded to the Chancery Court of Davidson County for any further proceedings that may become necessary. Tax the costs on appeal to the appellant.

LEWIS and KOCH, JJ., concur.