# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
November 8, 2001 Session

## IN RE: THE MATTER OF JOHN ADAMS, DECEASED, ET AL. v. CITY OF LEBANON, TENNESSEE v. THE TENNESSEAN, ET AL.

### Direct Appeal from the Circuit Court for Wilson County
No. 11505    Clara Byrd, Judge

---

### No. M2001-00662-COA-R3-CV - Filed February 7, 2002

---

This appeal challenges the jurisdiction of the trial court to issue a protective order sealing a settlement agreement between the City of Lebanon, Tennessee, and a private citizen, Mrs. Lorrine Adams. The trial court issued the protective order in response to the City's motion, a motion which followed a request by *The Tennessean*, a daily newspaper, for information regarding the settlement. The protective order was issued *ex parte*, despite the fact that no action had been filed against the City by Mrs. Adams or by *The Tennessean*. We hold that the circuit court lacked jurisdiction to enter the protective order. The order is therefore void and vacated.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated.

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Alfred H. Knight and Alan D. Johnson, Nashville, Tennessee, for the Appellant, *The Tennessean*.

Rich Cassidy, Nashville, Tennessee, for the appellee, Lorrine Adams.

Larry Stewart, Charles W. Cook, III, Nashville, Tennessee, and Peggy F. Williams, Lebanon, Tennessee, for the appellee, City of Lebanon, Tennessee.

### OPINION

Mrs. Lorrine Adams retained counsel to represent her in claims against the City of Lebanon, Tennessee ("City"), following an unfortunate incident during which her husband was killed by a police officer executing a search warrant at the wrong house. The City referred the matter to its insurance carrier, and a settlement agreement was reached through mediation on December 16, 2000. This agreement bound the City, Mrs. Adams, and the insurance carrier, and contained a confidentiality clause precluding disclosure of its terms. No cause of action was ever filed by Mrs. Adams against the City.

Shortly thereafter, *The Tennessean*, a daily Nashville newspaper, requested a copy of the settlement agreement from the City attorney. The City denied this request based on the confidentiality agreement. Following this exchange, on December 18, the City filed a motion in Circuit Court for Wilson County seeking a protective order sealing the agreement. The City's motion was heard *ex parte* on December 19, and was granted on December 21. The City and Mrs. Adams were represented at the hearing, while *The Tennessean* received no notice of it. *The Tennessean* learned of the order in January, 2001, when the City attorney invoked the order and denied its repeated request for the terms of the settlement.

*The Tennessean* filed a motion to intervene in the matter and a motion to set aside the protective order on January 17, 2001. The court granted the motion to intervene, but denied the motion to set aside the protective order. *The Tennessean* also filed a petition for access in chancery court pursuant to the Public Records Act, codified at Tenn. Code Ann. § 10-7-101 *et seq.*, seeking the settlement agreement and other documents made or received by the City in connection with Mrs. Adams' claim. *The Tennessean* now appeals the order of the circuit court denying its motion to set aside the protective order. The public records action in chancery court is pending our decision in this appeal.

### *Issues*

The parties raise several issues upon appeal, most of which pertain to matters to be decided under the Public Records Act. We believe that to address these issues at this juncture would be commensurate to an advisory opinion, which this Court is precluded from issuing.[1] We therefore confine our decision to the threshold issues raised by *The Tennessean*. These issues, as we perceive, them are:

(1)     Whether the circuit court had jurisdiction to enter a protective order placing under seal a settlement agreement between the City of Lebanon and Mrs. Adams, when no action had been commenced against the City by Mrs. Adams or against *The Tennessean* by the City;

(2)     Whether Rule 31 of the Tennessee Supreme Court operates to make a settlement agreement between the City and a private citizen confidential when:
(a)   the parties were never before the court and the settlement negotiations were not initiated pursuant to Rule 31 and
(b)  Rule 31 expressly recognizes that when information is "required by law" to be disclosed, it is not subject to the Rule's confidentiality provision.

---

[1] The jurisdiction of the Court of Appeals is appellate only. Tenn. Code Ann. §16-4-108(a)(1) (1994).

*Standard of Review*

The facts in this case are undisputed, and the issues raised concern only matters of law. Our review of the trial court's legal conclusions is *de novo* upon the record, with no presumption of correctness. *See Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999); Tenn. R. App. P. 13(d).

*Discussion*

The initial proceedings as commenced by the City of Lebanon in this case can best be described, as perceived by this Court, as an attempt to thwart the Public Records Act. Although no Public Records Act petition had yet been filed against the City by *The Tennessean*, the City's motion for a protective order was made in direct response to *The Tennessean's* request for documents pertaining to the settlement agreement between the City and Mrs. Adams. The City argues in its brief and at oral argument that such an order was necessary to protect the privacy and well-being of Mrs. Adams, as well as to prevent any undue influence on the criminal case against the police officer involved in the killing of Mr. Adams. We are sensitive to both concerns. A pre-emptive strike in circuit court, however, was not necessary to protect the City's interests at this juncture. The City simply could have refused to release the documents. Had *The Tennessean* then filed a Public Records Act petition in chancery court, the City could then have properly litigated the issues, including the issue of whether some or all of the documents are exempted from public inspection. The Public Records Act provides, in pertinent part:

> All state, county and municipal records . . . except any public documents authorized to be destroyed by the county public records commission . . . shall . . . be open for personal inspection by any citizen of Tennessee, and those in charge of such records shall not refuse such right of inspection to any citizen, unless otherwise provided by state law.

Tenn. Code Ann. § 10-7-503 (Supp. 2001).

The Act further states:

> (a) Any citizen of Tennessee who shall request the right of personal inspection of any state, county or municipal record as provided in § 10-7-503, and whose request has been in whole or in part denied . . . . shall be entitled to petition for access to any such record and to obtain judicial review of the actions taken to deny the access.
> (b) Such petition shall be filed in the *chancery court* for the county in which the county or municipal records sought are situated, or in any other court of that county having equity jurisdiction. . . . Upon filing of the petition, the court shall, upon request of the petitioning party, issue an order requiring the defendant or respondent party or parties to immediately appear and show cause, if they have any,

why the petition should not be granted . . . . The court may direct that the records being sought be submitted under seal for review by the court and no other party. The decision of the court on the petition shall constitute a final judgment on the merits.

. . . .

(d) The court, in ruling upon the petition of any party proceeding hereunder, shall render written findings of fact and conclusions of law and shall be empowered to exercise full injunctive remedies and relief to secure the purposes and intentions of this section, and this section shall be broadly construed so as to give the fullest possible public access to public records.

(e) Upon a judgment in favor of the petitioner, the court shall order that the records be made available to the petitioner unless:

(1) There is a timely filing of a notice to appeal; and

(2) The court certifies that there exists a substantial legal issue with respect to the disclosure of the documents which ought to be resolved by the appellate courts.

Tenn. Code Ann. § 10-7-505 (1999) (emphasis added).

When construing a statute, courts must, insofar as possible, ascertain and give effect to the intent of the Legislature. *Memphis Publ'g Co. v. Holt*, 710 S.W.2d 513, 516 (Tenn. 1986). A plain reading of § 505(d) evidences the legislature's intent to secure the public's right to access to governmental documents. However, the statute also recognizes the necessity of withholding some information from the public domain. Section 503 states that access to certain records may be precluded by other State laws and are therefore excepted from the Act. Tenn. Code Ann. § 10-7-503; *see Appman v. Worthington*, 746 S.W.2d 165, 166 (Tenn. 1987). Section 504 exempts certain records deemed confidential, and cross-references other statutes pursuant to which described records are confidential and therefore exempted from the Act. Tenn. Code Ann. § 10-7-504. *See Appman v. Worthington*, 746 S.W.2d at 166. Records sealed pursuant to the Tennessee Rules of Civil Procedure, or exempted from disclosure by the Tennessee Rules of Criminal Procedure, are also excepted from disclosure under the Act since these Rules are "laws" of this State. *See Ballard v. Herzke*, 924 S.W.2d 652, 662 (Tenn. 1996); *Appman v. Worthington*, 746 S.W.2d at 166.

The records at issue in this case were sealed by protective order of the circuit court. As noted above, records properly sealed pursuant to the Tennessee Rules of Civil Procedure are exempt from disclosure under the Public Records Act. *The Tennessean*, however, asserts that the circuit court lacked jurisdiction to issue the protective order because there was no action before the court. We agree.

*The Tennessean* asserts that the circuit court lacked jurisdiction to issue the protective order because there was no action before the court. The Tennessee Rules of Civil Procedure provide that all civil actions are commenced by filing a complaint with the clerk of the court. Tenn. R. Civ. P. 3. A complaint is required for the commencement of an action. *Old Hickory Eng. & Mach. Co. v. Henry*, 937 S.W.2d 782, 784 (Tenn. 1996). We find no authority, and the City cites none, for the proposition that an action may be commenced by motion. To the contrary, "Rule 7 provides separate

treatment for pleadings and for motions and other papers, and court decisions applying the Tennessee Rules of Civil Procedure have underscored that distinction . . . . it is important not to read the term 'pleading' as encompassing a motion." Robert Banks, Jr. and June F. Entman, *Tennessee Civil Procedure* § 5-1(a) (1999).

The City argues that its motion for a protective order should be construed as a complaint pursuant to Tenn. R. Civ. P. 8. Rule 8 provides: "A pleading which sets forth a claim for relief . . . shall contain (1) a short an plain statement of the claim showing that the pleader is entitled to relief, and (2) demand for judgment for the relief the pleader seeks." Tenn. R. Civ. P. 8.01. The City notes that Rule 8.06 requires that "[a]ll pleadings shall be so construed as to do substantial justice," and that courts review complaints in accordance with their substance, rather than their form. The City cites *Kaylor v. Bradly*, 912 S.W. 2d 728 (Tenn. Ct. App. 1995) and *Brown v. City of Manchester*, 722 S.W.2d 394 (Tenn. Ct. App. 1986) for the proposition that its motion should be regarded by this Court as a complaint. Neither *Kaylor* nor *Brown*, however, address the question of the complete lack of a complaint, but rather the sufficiency of a complaint for purposes of motions to dismiss and motions for summary judgment, respectively, based upon them.

We believe the City's interpretation stretches the reach of Rule 8. Rule 8 simplifies the requirements of what must be pled in a complaint, it does not do away with the pleadings and with the requirement that an action be commenced with a complaint. The City filed a motion for a protective order, a motion normally filed pursuant to discovery under Rule 26.03. It is not a complaint against *The Tennessean*. Moreover, "[t]he essential function of the pleadings [filed pursuant to rule 7] is simply to give notice of a claim or defense." Robert Banks, Jr. and June F. Entman, *Tennessee Civil Procedure* § 5-4(a)(1999). The order granting this motion was issued *ex parte*, thus it can by no stretch of the imagination be viewed as serving to give notice of a claim. Additionally, we find it difficult to imagine what the City's complaint against *The Tennessean* would be. We find no authority, and the City cites none, for the proposition that a newspaper should not request documents from a governmental entity. On the contrary, it is the right of access to governmental documents that the Public Records Act secures. Since there was no complaint filed and no action pending before the court, either between the City and *The Tennessean* or between the City and Mrs. Adams, the court below acted without jurisdiction in issuing the protective order sealing the settlement agreement.

Even if we were to stretch the reach of Rule 8 and regard the City's motion as a complaint, we would vacate the court's order based on a lack of subject matter jurisdiction. Subject matter jurisdiction "relates to the right of the court to adjudicate, or to make an award through the remedies provided by law upon facts proved or admitted in favor of, or against, persons who are brought before the court under sanction of law." 17 Tennessee Jurisprudence *Jurisdiction* § 2 (1994). It concerns the authority of a court to hear a controversy. *Meighan v. U.S. Sprint Communications*, 924 S.W.2d 632, 639 (Tenn. 1996). Subject matter jurisdiction relates to the nature of the claim and relief sought. *Id.* If a court acts without subject matter jurisdiction, its orders are void. *Riden v. Snider*, 832 S.W.2d 341, 343 (Tenn. Ct. App. 1991). Such orders are a nullity and may be collaterally attacked. *County of Shelby v. City of Memphis*, 365 S.W.2d 291, 292 (Tenn. 1963).

The City's motion stated that the order was necessary because *The Tennessean* demanded a copy of the settlement agreement under the Public Records Act. Insofar as the court granted the motion in response to *The Tennessean's* demand, it acted without subject matter jurisdiction. Under the Public Records Act, general subject matter jurisdiction over issues relating to demands for public documents is vested in chancery court. *See* Tenn. Code Ann. § 10-7-505. Thus circuit court lacked subject matter to adjudicate issues relating to a demand for documents pursuant to the Act. Its order is therefore void. *See Gentry v. Gentry*, 924 S.W.2d 678, 680 (Tenn. 1996).

Finally, we address the question of whether the protective order may be granted pursuant to the confidentiality provisions of Tennessee Supreme Court Rule 31. Rule 31 governs alternative dispute resolution. The rule states:

> The standards and procedures adopted under this rule apply only to Rule 31 dispute resolution proceedings and the dispute resolution neutrals serving pursuant to Rule 31. They do not affect or address the general practice of alternative dispute resolution in the private sector outside the ambit of Rule 31.
>
> Pursuant to the provisions of this Rule, a court may order the parties to an eligible civil action to participate in an alternative dispute resolution proceeding in accordance with this Rule.

Tenn. Sup. Ct. R. 31 § 1.

Section 3 of the rule provides that alternative dispute resolution may be initiated by motion of either party, or upon motion of the court. Tenn. Sup. Ct. R. 31 § 3. Section 6 provides:

> A Rule 31 dispute resolution neutral or settlement judge shall preserve and maintain the confidentiality of all alternative dispute resolution proceedings except where required by law to disclose the information.

Tenn. Sup. Ct. R. 31 § 6. Rule 31 applies to court ordered mediation, which may be ordered by the court on its own motion, or on motion of a party. *Harris v. Hall*, No. M2000-00784-COA-R3-CV, 2001 WL 21504893, at *4 (Tenn. Ct. App. Nov. 28, 2001). To be so ordered, there must therefore be an underlying matter before the court. The rule expressly does not govern private alternative dispute resolution. Sup. Ct. R. 31 § 1. Mrs. Adams never initiated a claim against the City of Lebanon. Accordingly, the settlement mediation between Mrs. Adams and the City did not take place in the context of a Rule 31 court order. Although the courts and legislature of this State recognize and commend arbitration as a means of dispute resolution, (*see Buraczynski v. Eyring*, 919 S.W.2d 314, 317 (Tenn. 1996)), Rule 31 governing court annexed arbitration cannot be invoked here to justify a preemptive protective order in a matter that was never before the court.

*Conclusion*

The trial court in this matter acted without jurisdiction when it issued the protective order sealing the terms of the settlement agreement between the City of Lebanon and Mrs. Adams, where no action had ever been before the court. Further, even if we view the City's motion for a protective order as a complaint for the purposes of initiating an action against *The Tennessean*, the circuit court lacked subject matter jurisdiction to adjudicate what is primarily a Public Records Act dispute. Issues pertaining to *The Tennessean's* right of access to the settlement agreement, including whether the agreement is a public record and whether it is otherwise exempt from the Public Records Act pursuant to another State law, are properly litigated in chancery court. Finally, the confidentiality provisions of Tennessee Supreme Court Rule 31 may not be invoked with respect to a private alternative dispute resolution of a matter never before the court.

In light of the foregoing, the protective order of the trial court is vacated. Costs of this appeal are taxed to the appellee, the City of Lebanon, Tennessee.

_____
DAVID R. FARMER, JUDGE