# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
June 09, 2014 Session

## THE TENNESSEAN, ET AL. V. METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, ET AL.

### Appeal from the Chancery Court for Davidson County
### No. 14156IV     Russell T. Perkins, Chancellor

---

### No. M2014-00524-COA-R3-CV - Filed September 30, 2014

---

Various media outlets made request under the Tennessee Public Records Act for access to records accumulated and maintained by the Metropolitan Nashville Police Department in the course of its investigation and prosecution of an alleged rape in a campus dormitory. When the request was refused, the outlets a filed petition in Chancery Court in accordance with Tennessee Code Annotated § 10-7-505; the State of Tennessee, District Attorney General and alleged victim were permitted to intervene. The court held the required show cause hearing and, following an *in camera* inspection, granted petitioners access to four categories of records and documents. Petitioners, as well as the Metropolitan Government and Intervenors appeal, raising numerous and various statutory and constitutional issues. We have determined that the records sought are currently exempt from disclosure due to the continuing police investigation and pending prosecution; accordingly, we reverse the judgment of the Chancery Court and dismiss the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Petition Dismissed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P. J., M. S., joined. W. NEAL MCBRAYER, J., filed a dissenting opinion.

Robb S. Harvey and Lauran M. Sturm, Nashville, Tennessee, for the appellants, The Tennessean, Associated Press, Chattanooga Times Free Press, Knoxville News Sentinel, Tennessean Coalition for Open Government, Inc., Tennessee Associated Press Broadcasters, WZTV Fox 17, WBIR-TV Channel Ten, WTVF-TV Channel Five, The Commercial Appeal, and WSMV-TV Channel Four.

Saul Solomon, Director of Law; James L. Charles, Associate Director, Lora Barkenbus Fox, Emily Herring Lamb, R. Alex Dickerson, Jennifer Cavanaugh, Assistant Metropolitan Attorneys, Nashville, Tennessee, for the appellee, The Department of Law of the Metropolitan Government of Nashville and Davidson County.

Edward Yarbrough and J. Alex Little, Nashville, Tennessee, for the intervenor, Jane Doe.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Acting Solicitor General; Janet M. Kleinfelter, Deputy Attorney General, for the intervenors-appellees, District Attorney General, Victor S. Johnson, III, and the State of Tennessee.

Douglas R. Pierce, Nashville, Tennessee, for the Amicus Curiae, Tennessee Association of Broadcasters.

**OPINION**

## I. FACTUAL & PROCEDURAL HISTORY

On August 9, 2013, four former members of the Vanderbilt University football team were indicted on five counts of aggravated rape and two counts of aggravated sexual battery of a student at an on-campus dormitory. On October 13, a reporter for the *Tennessean* newspaper made a request of the Metropolitan Police Department under the Tennessee Public Records Act ("TPRA"), Tenn. Code Ann. § 10-7-503 *et seq*., for "any records (as that term is broadly defined in the Act) regarding the alleged rape on the Vanderbilt campus and in which Vandenburg, Banks, Batey and McKenzie are charged" and "any records regarding the case recently concluded against Boyd by his plea bargain."[1] The request was denied and, after unsuccessfully seeking recourse through the Metropolitan Director of Law and Mayor, on February 4, 2014, the *Tennessean* and various other media outlets ("Petitioners") filed a Complaint and Petition for Access to Public Records in Davidson County Chancery Court naming the Metropolitan Government of Nashville and Davidson County as Respondent; the State and District Attorneys General were permitted to intervene, as was the victim (Ms. Doe).[2]

---

[1] Another student had previously entered a conditional guilty plea to a charge of trying to cover up the alleged rape.

[2] The State Attorney General and District Attorney General, Victor Johnson, III, moved to intervene in order to protect the interest of the State in the ongoing criminal prosecution; in addition, as more fully discussed herein, the court in which the prosecution was pending had issued a protective order prohibiting disclosure of certain material produced by the State to the defendants.

The court held a show cause hearing in accordance with the TPRA and conducted an *in camera* inspection of the records in question[3]; in a Memorandum and Final Order entered March 12, the court ordered that Petitioners be granted access to (1) text messages and emails the police department received from third parties in the course of its investigation; (2) Vanderbilt access card information; (3) reports and emails provided to the Metropolitan police department by Vanderbilt; (4) pano scan data of the Vanderbilt premises.

---

[3] The court categorized the records as follows:

1.  All of the building surveillance tapes in the investigative file from three locations on the Vanderbilt University campus, including the Vanderbilt University dormitory where the alleged assault occurred - all with the image of Ms. Doe redacted;
2.  All of the videos and photographs in the investigative file, except that Plaintiffs are not seeking photos or videotapes of the alleged assault or any photos or videotapes of Ms. Doe;
3.  All of the text messages and e-mails that the Metropolitan Police Department received from third parties in the course of its investigation;
4.  Written statements of the defendants and witnesses provided to the Metropolitan Police Department by Vanderbilt University;
5.  Vanderbilt access card information;
6.  Reports and e-mails provided to the Metropolitan Police Department by Vanderbilt University;
7.  Metropolitan Police Department forensic tests performed on telephones and computers;
8.  T.B.I. DNA reports;
9.  Forensic reports prepared by private laboratories hired by the Metropolitan Police Department; and
10. The following items made or collected by the Metropolitan Police Department:
    a)  police reports and supplements;
    b)  search warrants;
    c)  crime scene photographs;
    d)  Pano-scan data relating to Vanderbilt University premises;
    e)  background checks and other personal information regarding Ms. Doe, defendants, and witnesses;
    f)  cell phone information obtained through several search warrants;
    g)  photographic images and text messages recovered from the cell phones of five individuals who were charged with criminal offenses, except any photographs or video depicting Ms. Doe or the alleged sexual assault;
    h)  statements of Ms. Doe, defendants and witnesses; and
    i)  video recovered from a student witness's computer, except any photographs or videotapes depicting Ms. Doe or the alleged sexual assault.

The parties each raise issues on appeal.

## II. DISCUSSION

The TPRA provides that:

All state, county and municipal records[4] shall, at all times during business hours, which for public hospitals shall be during the business hours of their administrative offices, be open for personal inspection by any citizen of this state, and those in charge of the records shall not refuse such right of inspection to any citizen, unless otherwise provided by state law.

Tenn. Code Ann. § 10-7-503(a)(2)(A). The parties have raised a plethora of issues relative to the interpretation and application of this statute, specifically the "unless otherwise provided by state law" provision. We have determined that a common thread in these issues, which we must first address, is the extent to which the records sought are exempt from disclosure given the present posture of the criminal proceeding. This is a question of law which we review *de novo*, with no presumption of correctness of the trial court's decision. *See Memphis Publishing Co. v. Cherokee Children and Family Svcs., Inc.*, 87 S.W.3d 67, 74 (Tenn. 2002).

The Metropolitan Government as well as the State and District Attorneys General assert that the records are exempt pursuant to Rule 16 of the Tennessee Rules of Criminal Procedure, which governs discovery and inspection of information in a criminal proceeding. Section (a)(1) of the rule sets forth specific information which must be disclosed by the State; of pertinence to the issues we address, section (a)(2) provides as follows:

Except as otherwise provided in paragraphs (A), (B), (E), and (G) of subsection (a)(1)[5], this rule does not authorize the discovery or inspection of reports, memoranda, or other internal state documents made by the district attorney general or other state agents or law enforcement officers in connection with investigating or prosecuting the case. Nor does this rule authorize discovery of statements made by state witnesses or prospective state witnesses.

---

[4] The TPRA defines "public records" to include: "All documents, papers, letters, maps, books, photographs, microfilms, electronic data processing files and output, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any governmental agency." Tenn. Code Ann. § 10-7-503(a)(1)(A).

[5] These exceptions are not at issue in this appeal.

Tenn. R. Crim. P. 16(a)(2). Our review of cases which have considered the interaction between Tenn. R. Crim. P. 16 and the TPRA leads us to conclude that, in light of the pending investigation and prosecution arising out of the events for which the records were complied, access under the TPRA is not required at this time.

The question of whether records maintained by a state correctional facility in the course of its investigation into the murder of an inmate were available for inspection under the TPRA was before the court in *Appman v. Worthington*, 746 S.W.2d 165 (Tenn. 1987). In that case, attorneys representing the defendants who had been indicted for the inmate's murder subpoenaed records of the facility's investigation from the appropriate prison official; the request was refused and counsel filed a petition seeking judicial review pursuant to the TPRA. *Id*. at 166. The trial court held that the records were exempt from inspection pursuant to Tenn. R. Crim. P. 16; the Court of Appeals reversed, holding that Rule 16 only applied to the rights and duties of the parties to the criminal prosecution and not the rights of access of citizens to public records as provided by the TPRA. *Id*. On further appeal, our Supreme Court reversed the Court of Appeals' decision, holding:

> Rule 16 provides for the disclosure and inspection of categories of evidence in the possession of the state or in the possession of the defendant. However, the disclosure and inspection granted by the rule "does not authorize the discovery and inspection of reports, memoranda, or other internal state documents made by . . . state agents or law enforcement officers in connection with the investigation or prosecution of the case, . . ." Rule 16(a)(2) of the Rules of Criminal Procedure. This exception to disclosure and inspection does not apply to investigative files in possession of state agents or law enforcement officers, where the files have been closed and are not relevant to any pending or contemplated criminal action, but does apply where the files are open and are relevant to pending or contemplated criminal action.

*Appman*, 746 S.W.2d at 166. The Supreme Court then noted that the materials sought were the result of the investigation into a murder for which several individuals were indicted for the murder and another was indicted as an accessory after the fact. *Id*. at 166–67. The court also stated that the materials were relevant to the prosecution of the persons charged with the offenses arising out of the murder and that the prosecutions had not been terminated. *Id*. at 167. Applying the Rule 16(a)(2) exception to the disclosure and inspection of categories of evidence where the files are open and relevant to pending or contemplated criminal action, which was the case in *Appman*, the court held that the materials were not subject to inspection under the Public Records Act. *Id*.

5

In *Schneider v. City of Jackson*, 226 S.W.3d 332 (Tenn. 2007), members of the media filed a petition under the TPRA seeking access to, *inter alia*, cards memorializing field interviews conducted by City of Jackson police officers. The request had been denied on the basis of an asserted common law law enforcement privilege; the Supreme Court held that such privilege had not been adopted in Tennessee and, therefore, was not a "state law" exception to the TPRA. *Id.* at 338, 342. The court also considered whether the cards were exempt from disclosure under Tenn. R. Crim. P. 16. *Id*. at 344. The court noted that the cards "would clearly have been exempt from disclosure under Rule 16(a)(2) and this Court's decision in *Appman*" and remanded the case to allow the City to submit to the court for *in camera* review the cards or portions of cards which the City maintained were involved in a pending criminal investigation.[6] *Id*. at 345-46.[7]

In response to the show cause order, Metro submitted, *inter alia*, the affidavit of Steve Anderson, Chief of Police, which stated in pertinent part:

> 6. MNPD officers have been investigating and gathering information relating to crimes that allegedly occurred on the Vanderbilt University campus around June 23, 2013, and the following days thereafter, for the purposes of prosecuting the perpetrators of the crimes.
>
> 7. The MNPD investigation into the matter is still an active, ongoing and open matter. The investigation is not complete. Investigators are still working to gather and analyze evidence in the case.
>
> 8. Much of the information that the MNPD has gathered in this investigation has been through subpoenas and search warrants - from defendants, potential witnesses, Vanderbilt University, Vanderbilt Police, Vanderbilt University Medical Center, and cell phone providers.

---

[6] The court ordered that the petitioners be granted immediate access to those cards which were not submitted to the court for review.

[7] The holding of *Appman* and *Schneider* that Tenn. R. Crim P. 16(a)(2) is included in the "otherwise provided by state law" language of Tenn. Code Ann. § 10-7-503(a)(2)(A), thereby exempting records relating to ongoing criminal investigations or prosecutions from the access requirement, has been applied in other cases as well. See e.g., *Capital Case Resource Center of Tennessee, Inc. v. Woodall*, No. 01-A-019104CH00150, 1992 WL 12217 (Tenn. Ct. App. Jan. 29, 1992); *Freeman v. Jeffcoat*, No. 01-A-019103CV00086, 1991 WL 165802 (Tenn. Ct. App. May 18, 1992); *Swift v. Campbell*, 159 S.W.3d 565 (Tenn. Ct. App. 2004); *Waller v. Bryan*, 16 S.W.3d 770 (Tenn. Ct. App. 1990).

9. The grand jury has indicted four individuals in this case, on five counts of aggravated rape and aggravated sexual battery. One of the individuals is also charged with tampering with evidence and one count of unlawful photography (T. C. A. § 39-13-605). The trial for two of the individuals is scheduled for August 11, 2014.

12. The MNPD's investigative file is the product of the education and investigative experience utilized by law enforcement officers to gather relevant documents and items related to this crime. MNPD considers the creation of this kind of file to be an internal report created in preparation for the prosecution of a case by the District Attorney's office. MNPD routinely consults with the District Attorney's office during the course of an investigation about its course and the evidence gathered to date.

In like fashion the State submitted the affidavit of District Attorney General Johnson, stating in pertinent part:

2. In late June 2013, the Metropolitan Nashville Police Department (MNPD) began investigating and gathering information relating to crimes that allegedly occurred on the Vanderbilt University campus for the purpose of prosecuting the perpetrators of the alleged crimes. Shortly thereafter, MNPD contacted my office for advice and assistance with their investigation.

3. In August, 2013, MNPD presented this case to the Grand Jury and the Grand Jury returned an indictment against four individuals charging each with five counts of aggravated rape and two counts of aggravated sexual battery. Additionally, one of the four individuals was charged with one count of unlawful photography and one count of tampering with evidence.

4. An arraignment was subsequently held at which time all four individuals pled not guilty. Currently, trial is set for two of the defendants in August; a trial date has not been set for the other two defendants.

5. Before this case was presented to the Grand Jury, MNPD's investigative file was reviewed by attorneys in my office. Once the indictment was issued by the Grand Jury against the four individuals, that investigative file became part of the prosecutorial file that was assigned to Deputy District Attorney Tom Thurman, who is handling this case for my office.

6. MNPD's investigation into this case is still active and ongoing and any additional information that MNPD collects or gathers during their investigation is provided to Deputy District Attorney Thurman and becomes part of his prosecutorial file.

It is apparent from the affidavits that the material that is the subject of the request is "relevant to a pending or contemplated criminal action" and therefore not subject to disclosure. *See Appman*, 746 S.W.2d at 166. Accordingly, the petition should be dismissed.

The fact that the police investigation and criminal prosecution are ongoing is a significant factor in our disposition of this case; this pretermits our consideration of the other issues raised.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the trial court is reversed and the petition dismissed.

_____
RICHARD H. DINKINS, JUDGE