**Laura E. GABEL, As Surviving Spouse of Steven S. Gabel, Deceased, Plaintiff,**

v.

**Robert M. LERMA, Defendant.**

**J.C. PENNEY CASUALTY INSURANCE COMPANY, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Laura E. Gabel, As Surviving Spouse of Steven S. Gabel, Deceased, Appellee.**

Court of Appeals of Tennessee, Western Section, at Jackson.

March 6, 1990.

Permission to Appeal Denied by Supreme Court June 4, 1990.

Phil Zerilla, Jr., Memphis, for appellant, J.C. Penney Cas. Ins. Co.

Richard Glassman, Glassman & Jeter, P.C., Memphis, for appellee, Laura E. Gabel.

Stephen W. Vescovo, Thomason, Hendrix, Harvey, Johnson, Mitchell, Blanchard & Adams, Memphis, for appellee, State Farm Mut. Auto. Ins. Co.

HIGHERS, Judge.

This case involves an automobile accident in which Steven S. Gabel sustained fatal injuries while riding as a passenger in an automobile owned and operated by Robert M. Lerma. A wrongful death action was brought by Laura E. Gabel, as surviving spouse of Steven S. Gabel, against Lerma. Upon motion, the tort issues were severed from the insurance issues. This appeal concerns the issue of whose uninsured motorist insurance policy qualifies as the excess coverage under T.C.A. § 56-7-1201.

Robert Lerma carried automobile liability coverage with the Permanent General Assurance Corporation (PGA) with limits of $15,000 per person. PGA has paid $15,000 into the court and withdrawn from the case. The PGA policy also had uninsured motorist limits on the vehicle owned by Lerma of $15,000 per person.

Steven Gabel, the deceased, was the owner of an automobile which was covered by a policy of insurance issued by the State Farm Mutual Automobile Insurance Company (State Farm) which included uninsured motorist coverage with limits of $25,000 per person. At the time of his death, Steven Gabel was living with his father who owned one or more vehicles which were covered by insurance issued by the J.C. Penney Casualty Insurance Company (J.C. Penney). That policy contained uninsured motorist insurance with limits of $100,000 per person. J.C. Penney does not dispute that the deceased was an insured as that term is defined in its policy.

J.C. Penney filed a motion for summary judgment alleging that the uninsured motorist coverage of the PGA policy was the primary coverage, that the uninsured motorist coverage of the State Farm policy was the excess coverage and that the J.C. Penney policy was not applicable to this case. Subsequently, State Farm filed a motion for summary judgment. State

Farm agreed that PGA provided the primary coverage, but alleged that the J.C. Penney policy provided the excess coverage and that the uninsured motorist coverage in the State Farm policy was not applicable in this case. The trial judge granted State Farm's motion for summary judgment and consequently denied J.C. Penney's motion. From those rulings, this appeal ensued.

The parties do not contend that there are any factual issues in dispute, thus, we are faced with the singular issue of whether State Farm was entitled to judgment as a matter of law. T.R.Civ.P. 56.03.

■■■ T.C.A. §§ 56–7–1201 *et seq.* set forth the requirements and conditions of uninsured motorist insurance coverage in Tennessee. Where a statute is unambiguous, we must ascertain and give effect to the intention and purpose of the General Assembly as expressed in the four corners of the statute. *Memphis Pub. Co. v. Holt,* 710 S.W.2d 513 (Tenn.1986). T.C.A. § 56–7–1202 unambiguously dictates the applicable uninsured motorist coverage when, as in the present case, one is injured while occupying an automobile which he does not own. That statute provides in pertinent part:

(b).... With respect to bodily injury to an insured while occupying an automobile not owned by the injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
(1) The uninsured motorist coverage on the vehicle in which the injured party was an occupant shall be the primary uninsured motorist coverage;
(2) Should that primary uninsured motorist coverage be exhausted due to the extent of compensatory damages, then *the injured occupant may recover as excess from the insurance on the vehicle owned by the insured* that provides the highest limits of uninsured motorist coverage. In no instance shall more than one (1) coverage from more than one (1) uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.

T.C.A. § 56–7–1201(b)(1) and (2) (emphasis added). This statute provides that the listed priorities of recovery "shall apply." We recognize that when the word "shall" is used in statutes it is ordinarily construed as being mandatory and not discretionary. *Stubbs v. State,* 216 Tenn. 567, 393 S.W.2d 150 (1965).

■■ Concerning the first part of the trial court's decision, that the PGA insurance policy provides the primary uninsured motorist coverage, we find it to be unquestionably correct. PGA provided the insurance on the "vehicle in which the injured party was an occupant," T.C.A. § 56–7–1201(b)(1), and must therefore be considered the primary provider of uninsured motorist insurance. As a result of subsection (d) of that statute, Ms. Gabel is unable to avail herself of PGA's $15,000 in uninsured motorist coverage.

The limit of liability for an insurer providing uninsured motorist coverage under this section is the amount of that coverage as specified in the policy less the sum of the limits collectible under all liability and/or primary uninsured motorist insurance policies ... applicable to the bodily injury or death of the insured.

T.C.A. § 56–7–1201(d). As mentioned above, the PGA policy also included liability coverage with a limit of $15,000 per person. Thus, when PGA paid the $15,000 into the court pursuant to the liability provision of its policy, it was absolved with respect to its uninsured motorist provision which also had a limit of liability of $15,000 per person.

■■ We are left with the paramount issue of whether State Farm or J.C. Penney must be held responsible for the excess uninsured motorist coverage. Clearly, if we strictly construe the language as it is written in the statute, State Farm's policy provides the excess coverage. Ms. Gabel, as the surviving spouse of Steven Gabel, may recover as excess from the insurance on the vehicle *owned* by her husband that provides the highest limits of coverage. T.C.A. § 56–7–1201(b)(2). It is undisputed that Steven Gabel owned only one vehicle upon which he purchased the State Farm policy which provided uninsured motorist coverage to the extent of $25,000 per person.

It is the contention of State Farm and Laura Gabel that notwithstanding the clear directives of the statute, we must construe the statute to allow an individual who meets the definition of an "insured" under more than one policy, to select the policy which provides the highest available coverage. We are cited to no cases which would support such a conclusion but we are referred to *U.S. v. Burleson*, 127 F.Supp. 400 (E.D.Tenn.1955) which states that when it is possible, a statute must be interpreted so as to avoid being at war with common sense. In support of their argument that a literal interpretation of the statute would be illogical, the appellees request that we consider a situation in which the injured person does not own an automobile. In such a situation the statute provides for no excess insurance. We do not know that the legislature intended for excess uninsured motorist insurance to be available in all situations. If so, it is the prerogative of the legislature to make that determination. In any event, in the present case Laura Gabel does have access to uninsured motorist insurance beyond the primary source, and it is not the function of this Court to speculate as to the intent of the legislature when the statute itself is explicit in its terms.

The statute in question is clear and unambiguous and it is our duty to construe it as it was written by the General Assembly, not as we would write it. *Jackson v. Jackson*, 186 Tenn. 337, 210 S.W.2d 332 (1948). We are constrained to hold that the PGA policy provides the primary uninsured motorist insurance and the State Farm policy provides the excess insurance in this case.

For the foregoing reasons, this case is reversed and remanded to the trial court for such other proceedings as may be necessary. The costs on appeal are adjudged equally against State Farm and Laura Gabel.

TOMLIN, P.J., W.S., and BROOKS McLEMORE, Special Judge, concur.