JOHNSON v. AMERICAN ECONOMY INS. CO.

[108 N.C. App. 47 (1992)]

HARRIET JOHNSON, Plaintiff v. AMERICAN ECONOMY INSURANCE COMPANY, Defendant

No. 9118SC907

(Filed 3 November 1992)

**Insurance § 527 (NCI4th)— underinsured motorist coverage— determining amount—Tennessee law**

The trial court erred in considering the entire amount available to all persons injured in a collision in determining whether plaintiff was entitled to underinsured motorist coverage under a Tennessee automobile policy that provided UM/UIM coverage of $50,000 per accident since the sum of limits available to the insured under the applicable Tennessee statute is the sum of the "per person" coverages available to that insured and not the sum of either the "per person" coverages available to all insureds or the sum of "per accident" coverages.

**Am Jur 2d, Automobile Insurance § 322.**

**Uninsured and underinsured motorist coverage: recoverability, under uninsured or underinsured motorist coverage, of deficiencies in compensation afforded injured party by tortfeasor's liability coverage. 24 ALR4th 13.**

APPEAL by plaintiff from judgment filed 24 June 1991 by *Judge Thomas W. Seay, Jr.*, in GUILFORD County Superior Court. Heard in the Court of Appeals 22 September 1992.

On 13 November 1988 plaintiff, Harriet Johnson, was riding as a passenger in a car driven by Theresa Brabson. Ms. Brabson's vehicle was struck in the rear by an automobile driven by Timothy Malone. Both the plaintiff and Ms. Brabson suffered injuries requiring medical treatment.

The car driven by Mr. Malone was insured under a liability policy issued by Charter Risk Adjusting, Inc. The Charter policy provided liability coverage of $25,000 per person and $50,000 per accident. The car driven by Ms. Brabson was owned by Robert F. Mitchell, Jr., a resident of Knoxville, Tennessee. Mr. Mitchell's car was insured by the defendant, American Economy Insurance Company, under a policy issued in Tennessee covering four vehicles. That policy provided *inter alia* uninsured motorist coverage with single limits of $50,000 per accident.

On 20 November 1990 the plaintiff entered into a settlement agreement releasing all claims against Mr. Malone in exchange for Charter's payment of $25,000. Under the agreement with Charter the plaintiff also reserved her rights to proceed against American. The trial court signed an order approving the settlement agreement on 8 April 1991. At about the same time that the plaintiff entered into her settlement agreement, Charter tendered to Ms. Brabson's attorney an offer of $25,000, the remaining "per person" coverage. There is no evidence of record to indicate whether Ms. Brabson has since settled or abandoned her claims or instituted suit.

After trial of her personal injury claims, a jury rendered a verdict for the plaintiff of $85,000. The trial court reduced the verdict by the $25,000 already paid by Charter and entered judgment awarding $60,000. The plaintiff then filed a declaratory judgment action against American to determine its obligation under the insurance contract on Mr. Mitchell's vehicle. The trial court determined that the law of Tennessee governs interpretation of American's policy and that American's policy did not provide plaintiff uninsured motorist coverage. Accordingly, the court entered judgment in favor of American.

From judgment entered, plaintiff appeals.

*Donaldson & Horsley, P.A., by William F. Horsley and Stephanie C. Hess, for plaintiff-appellant.*

*Karl N. Hill, Jr. for defendant-appellee.*

EAGLES, Judge.

The sole issue here is whether the trial court incorrectly determined that the plaintiff was not entitled to uninsured motorist coverage because the sum of the limits collectible under all liability and/or primary uninsured motorist insurance policies applicable to her claim was $50,000. We hold that the trial court erred and, accordingly, we reverse.

Initially, we note that the trial court correctly determined that the law of Tennessee controlled. Because the American policy was issued in the State of Tennessee, the law of Tennessee governs interpretation of the policy. *Roomy v. Allstate Insurance Company,* 256 N.C. 318, 123 S.E.2d 817 (1961).

Tennessee's statutory code provides:

(d) The limit of liability for an insurer providing uninsured motorist coverage under this section is the amount of that coverage as specified in the policy less the sum of the limits collectible under all liability and/or primary uninsured motorist insurance policies, bonds, and securities *applicable to the bodily injury or death of the insured.*

Tenn. Code Ann. § 56-7-1201(d) (1989) (emphasis added).

(a) For the purpose of this coverage, "uninsured motor vehicle" means a motor vehicle whose ownership, maintenance, or use has resulted in the bodily injury, death, or damage to property of an insured, *and for which the sum of the limits of liability available to the insured under all valid and collectible insurance policies, bonds, and securities applicable* to the bodily injury, death, or damage to property is less than the applicable limits of uninsured motorist coverage provided to the insured under the policy against which the claim is made.

Tenn. Code Ann. § 56-7-1202(a) (1988) (emphasis added).

Plaintiff argues that the trial court incorrectly determined that plaintiff was not covered under American's uninsured motorist coverage because it added $25,000, representing the prospective or potential value of Ms. Brabson's claim, to the $25,000 already paid to the plaintiff by Mr. Malone's carrier. Defendant, however, argues that the trial court acted properly. We agree with the plaintiff.

The language of both Tenn. Code Ann. § 56-7-1201 and § 56-7-1202 is couched in the singular. The statutes do not state that the limit of uninsured motorist coverage is determined as the difference between the coverage specified in the policy less the sum of limits collectible under all policies applicable and available to the bodily injury or death of the *insureds.* Rather, the statutes state that the sum collectible should be offset against the damages available to the *insured.* Accordingly, we believe the statute itself plainly requires that only those amounts available to each individual insured should be totalled to determine whether or not that insured may recover based on underinsured motorist coverage.

Moreover, we note that a recent case from Tennessee's Court of Appeals supports our decision. In *Gabel v. Lerma,* 812 S.W.2d 580 (1990), *permission to appeal denied* (4 June 1990), the plaintiff's decedent received fatal injuries while riding as a passenger in an automobile operated by the defendant. *Id.* at 581. The defendant

had insurance coverage under a policy issued by Permanent General Assurance Corporation (PGA). *Id.* The PGA policy provided liability limits of $15,000 per person and uninsured motorist limits of $15,000 per person. *Id.* The plaintiff's decedent also had an insurance policy with State Farm Mutual Automobile Insurance Company which included uninsured motorist coverage of $25,000 per person, and decedent's father had a policy with J.C. Penney Casualty Insurance Company which contained uninsured motorist coverage of $100,000 per person. *Id.* In deciding which carrier provided primary uninsured motorist coverage and which provided excess uninsured motorist coverage, the Tennessee Court quoted the pertinent portion of Tenn. Code Ann. § 56-7-1201(d). It then continued and held,

> [a]s mentioned above, the PGA policy also included liability coverage with a limit of $15,000 per person. Thus, when PGA paid the $15,000 into the court pursuant to the liability provision of its policy, it was absolved with respect to its uninsured motorist provision which also had a limit of liability of $15,000 per person.

*Id.* at 582. During its discussion of the facts of the case and its holding the Tennessee Court discussed only "per person" limits and did not even mention the total per accident coverage available under any of the policies involved. While *Gabel* does not directly address the issue presented here, we believe that it is instructive. It is apparent from the *Gabel* opinion that the figure to be used in calculating the sum of limits available to the insured is the sum of the "per person" coverages available to that insured and not the sum of either the "per person" coverages available to all insureds or the sum of "per accident" coverages.

Here, the only liability coverage available to plaintiff is the $25,000 she accepted from Charter. No other uninsured motorist coverage is available to the plaintiff. Accordingly, the plaintiff is entitled to recover $25,000 from American as the difference between the uninsured motorist coverage available ($50,000) and the sum of the limits collectible under all liability policies and primary uninsured motorist policies.

Finally, we believe that our decision is equitable. Under our interpretation of Tennessee's uninsured motorist statutes, the plaintiff will be entitled to recover $25,000 from American. If Ms. Brabson accepts the $25,000 tendered by Charter, she will also be entitled to recover up to $25,000 of uninsured motorist coverage from

American if she initiates a timely suit and she proves that her damages exceed $25,000. Thus, the largest sum that American will be required to pay under its uninsured coverage is $50,000 ($25,000 to plaintiff here and up to $25,000 to Ms. Brabson), the amount it agreed to pay when the contract was entered. We hold that plaintiff is entitled to recover $25,000 from American pursuant to American's uninsured motorist coverage. Accordingly, we reverse and remand for proceedings not inconsistent with this opinion.

Reversed and remanded.

Judges JOHNSON and PARKER concur.