IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 11, 2016


**JUDY CHILDRESS, ET AL. v. UNITED PARCEL SERVICE INC., ET AL.**

**Appeal from the Circuit Court for Dyer County**
**No. 2015-CV-38      William B. Acree, Judge**

_____

**No. W2016-00688-COA-T10B-CV – Filed June 3, 2016**
_____


This accelerated interlocutory appeal results from the trial court's denial of Appellant's motion for recusal. Because Appellants' did not provide the mandatory affidavit in support of their motion for recusal as required by Tennessee Supreme Court Rule 10B, we affirm the judgment of the trial court.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Circuit Court is Affirmed and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which D. Michael Swiney, C.J., and ARNOLD B. GOLDIN, J., joined.

Robert A. Cox and Ronna Kinsella, Memphis, Tennessee, for the appellants, United Parcel Service, Inc. and Matthew Medley.

Robert V. Redding, Jackson, Tennessee and W. Lewis Jenkins, Jr., Dyersburg, Tennessee, for the appellee, Judy Childress.

**OPINION**

**I. Background**

This case arises from a motor vehicle accident between Don W. Childress and a United Parcel Service ("UPS") vehicle operated by Matthew Medley (together with UPS, "Appellants"). The accident occurred on August 29, 2012, in Dyer County, Tennessee. Mr.

Childress died approximately three months later. Following his death, Mr. Childress's widow, Judy Childress ("Appellee") filed a lawsuit against Appellants seeking damages for Appellants' alleged negligence and injuries to Mr. Childress. The Appellants filed an answer denying any liability.

After a lengthy procedural history, which is not relevant to this appeal, the case was assigned, on November 10, 2015, to Senior Judge William B. Acree, Jr. During a status conference on December 15, 2015, Judge Acree made certain disclosures regarding his relationship to the Childress family, *see infra*. As a result of these disclosures, Appellants filed a motion for recusal on January 21, 2016. Mrs. Childress opposed the motion and filed a response on March 21, 2016. The Appellants' motion for recusal was heard on March 22, 2016. On March 23, 2016, the trial court entered an order denying the motion for recusal. In its order, the trial court stated, in pertinent part:

> Defendant's motion for recusal is based on the Court's statements to the parties during a December 15, 2015 status conference call. During that call, the Court disclosed the following facts:
>
> 1. The court was acquainted with the plaintiff, Judy Childress, from high school. Mrs. Childress is two or three years older and graduated around 1960. The Court did not see her again until Don Childress's funeral.
> 2. The Court was acquainted with the decedent, Don Childress, because of the Court's acquaintance with Judy Childress. The Court spoke to Mr. Childress on one occasion after 1960 when, as a lawyer, he took Mr. Childress's discovery deposition in a civil suit brought by Mr. Childress. The Court represented the adverse party.
> 3. The Court has known Chancellor Tony Childress since Chancellor Childress took the bench. The Court's association with the Chancellor is primarily through meetings of the Tennessee Judicial Conference.
> 4. The Court attended the funeral of Mr. Childress out of respect for Chancellor Childress.
> 5. The Court had one conversation with Chancellor Childress about the accident which is the subject of this suit. That conversation was at or near the time of the funeral and lasted for one to two minutes. Chancellor Childress volunteered what happened as he understood it (he was not an eyewitness). The Court did not respond or ask questions and does not remember what was said.

Chancellor Tony Childress is the son of the decedent, Don Childress and the Appellee; Chancellor Childress has served as a chancellor in Dyer County since 2008. The Appellants filed a timely petition for recusal appeal on April 7, 2016. Appellants' petition for recusal appeal was accompanied by several documents that were filed in the trial court, including Appellants' motion for recusal and the trial court's order denying the recusal motion. Although Appellee filed a response to Appellants' petition requesting that the petition be dismissed, she did not take issue with Appellants' recitation of the basic facts surrounding the case. After a review of the petition and a response filed by Appellee, we find that oral argument is unnecessary. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of the Tennessee Supreme Court Rule 10B and will consider the case only on the submissions of the parties and the attachments thereto.

## II. Issues

When reviewing a Tennessee Supreme Court Rule 10B appeal, the only order this Court may review is the trial court's order that denies a motion to recuse. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012) ("Pursuant to [Tennessee Supreme Court Rule 10B], we may not review the correctness or merits of the trial court's other rulings[.]"). Accordingly, the sole issue is whether the trial court erred in denying the Defendants' motion for recusal. *Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015).

## III. Standard of Review

Citing *State v. Hines*, 919 SW 2d 573, 578 (Tenn. 1995), the trial court's order states that "decisions concerning whether recusal is warranted . . . will not be reversed on appeal unless a clear abuse appears on the face of the record." Although recusal decisions were once reviewed under an abuse of discretion standard, that is no longer the standard. The 2012 adoption of Tennessee Supreme Court Rule 10B requires appellate courts to review a trial court's ruling on a motion for recusal under a *de novo* standard of review with no presumption of correctness. Tenn. Sup. Ct. R. 10B, §2.01. The party seeking recusal bears the burden of proof, and "any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case." *Williams by & through Rezba*, 2015 WL 2258172, at *5 (citing *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *3 (Tenn. Ct. App. Feb. 11, 2014)).

## IV. Analysis

The Appellants argue that the trial judge should have recused himself under Tennessee Supreme Court Rule 10, Canon 2, Rule 2.11(A). That Rule provides, in pertinent part:

> A Judge shall disqualify himself or herself in any proceeding in which
> the judge's impartiality might reasonably be questioned….

Tenn. Sup. Ct. R. 10, Canon 2, Rule 2.11(A). Comment 1 to the rule states that "[u]nder this Rule, a judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless of whether any of the specific provisions … apply." Tenn. Sup. Ct. R. 10, Canon 2, Rule 2.11, cmt.1.

In this case, Appellants are not accusing Judge Acree of actual bias or impropriety. Rather, they argue that "a person of ordinary prudence would certainly find a reasonable basis for questioning the impartiality of the [trial] court" under the circumstances disclosed by the trial court to the parties during the December 15, 2015 status conference. The trial judge, in denying Appellants' motion to recuse, candidly revealed that "[t]he [trial] [c]ourt attended the funeral of Mr. Childress out of respect for Chancellor Childress." The trial judge further revealed that "[t]he [trial] [c]ourt had one conversation with Chancellor Childress about the accident which is the subject of this suit. That conversation was at or near the time of the funeral. . . ." The crux of the Appellants' motion to recuse is that there is an appearance of impropriety on the part of the trial court.

Before we can reach the question of whether the trial court's actions give rise to an appearance of impartiality, we must first address Appellee's argument that the motion for recusal was defective, *ab initio*, because it was not accompanied by a supporting affidavit. Tennessee Supreme Court Rule 10B Section 1.01 provides that a motion to recuse "**shall** be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge...." Tenn. Sup.Ct. R. 10B, § 1.01 (emphasis added). The record provided by the Appellants' does not contain an affidavit as required by Section 1.01. The Tennessee Supreme Court has recognized that when the word "shall" is used in a statute or rule, it is ordinarily construed as being mandatory and not discretionary. **Gabel v. Lerma**, 812 S.W.2d 580 (Tenn. 1990); accord **Stubbs v. State**, 393 S.W.2d 150 (Tenn. 1965). In **Elliott v. Elliott**, No. E2012-02448-COA-10B-CV, 2012 WL 5990268 (Tenn. Ct. App. Nov. 30, 2012), this Court specifically held that "it is imperative that litigants file their petitions for recusal appeal in compliance with the mandatory requirements of Rule 10B in the first instance," and further stated that the Rule 10B "makes [the affidavit in support of the motion for recusal] mandatory." **Id**. at *3 (citing Tenn. Sup.Ct. R. 10B, § 1.01). Likewise, in **Johnston v. Johnston**, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015), we held that

> [t]he record submitted by Defendant with his petition for recusal appeal does
> not include any affidavit filed in support of the Motion to Recuse, which Rule
> 10B makes mandatory. See Tenn. Sup.Ct. R. 10B, § 1.01 ("The motion shall
> be supported by an affidavit under oath or a declaration under penalty of

perjury on personal knowledge and by other appropriate materials."). Without this necessary part of the record, we cannot conclude that the Trial Court erred in denying the Motion to Recuse.

The Johnston Court went on to explain:

> We emphasize to Defendant that the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court so as to allow this Court to meet its obligations under section 2.06 of the rule, which requires this Court to decide these appeals "on an expedited basis." As such, it is imperative that litigants file their petitions for recusal appeal in compliance with the mandatory requirements of Rule 10B in the first instance.

*Id*.; *see also* **In re American Bonding Company**, No. M2014–00249-CCA-R3-CD, 2015 WL 832513, at \*6 (Tenn. Crim. App. Feb. 26, 2015) (holding that the Rule 10B affidavit requirement is mandatory and the absence of the affidavit may result in waiver of the recusal issue on appeal). **Tipton v. Constance**, No. E2014-00143-COA-T10B-CV, 2014 WL 605434 (Tenn. Ct. App. Feb. 14, 2014), *perm. app. denied* (Tenn. May 9, 2014).

Here, the appellate record is procedurally flawed in that it does not contain the required affidavit in support of the motion to recuse. In light of the foregoing authority, we, therefore, conclude that the record is insufficient to determine the issues raised by the Appellants in this appeal

## V. Conclusion

Having determined that the record provided by the Appellants is insufficient to support a finding of error on the part of the trial court, we affirm the trial court's order denying the motion for recusal. The case is remanded to the trial court for such further proceedings as are necessary and consistent with this Opinion. Costs on the appeal are assessed against the Appellants, United Parcel Service, Inc., Matthew Medley and their surety, for all of which execution may issue if necessary.

_____

KENNY ARMSTRONG, JUDGE
