IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 23, 2024

## ROBERT R. BATSON, SR. REVOCABLE LIVING TRUST, BY SEAN BATSON v. DIANE BATSON-SMITH ET AL.

**Appeal from the Chancery Court for Montgomery County**
**No. MC-CH-CV-MG-23-11      Matthew Joel Wallace, Judge**

———————————————————

**No. M2024-00739-COA-T10B-CV**

———————————————————

The Petitioners seek accelerated interlocutory review of an order denying their motion to recuse. However, because the Petitioners' filings fail to comply with Tennessee Supreme Court Rule 10B, we dismiss the appeal.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Appeal Dismissed**

JEFFREY USMAN, J., delivered the opinion of the court, in which THOMAS R. FRIERSON II, and KENNY W. ARMSTRONG, JJ., joined.

Mark R. Olson, Clarksville, Tennessee, for the appellants, Nicholas Batson, and Diane Batson-Smith.[1]

**OPINION**

I.

The Petitioners assert the trial court erred by denying their motion to recuse. The Petitioners, however, have failed to include a copy of the trial court's order in their filings before this court. Additionally, the Petitioners' filings in the trial court failed to comport with other mandatory requirements of Tennessee Supreme Court Rule 10B, including failing to include a statement that the motion to recuse was not being presented for an improper purpose. Accordingly, we dismiss their appeal.

---

[1] Having determined that no answer from the other parties is necessary, we choose to act summarily on the appeal. *See* Tenn. Sup. Ct. R. 10B §§ 2.05, 2.06; *State ex rel. Johnson v. Morton*, No. M2024-00409-COA-T10B-CV, 2024 WL 1956050, at *3 n.1 (Tenn. Ct. App. May 3, 2024).

The Petitioners have submitted two affidavits and a printout of the trial judge's Campaign Financial Disclosures, which were apparently attached to the motion for recusal filed in the trial court. The Petitioners assert the trial judge should have recused himself due to contributions made to his campaign by members of the law firm where counsel representing Sean Batson, an opposing party, practices law. *See* Tenn. Sup. Ct. R. 10, RJC 2.11(A)(4) (requiring recusal when the judge "knows or learns by means of a timely motion that a party, a party's lawyer, or the law firm of a party's lawyer has made contributions or given such support to the judge's campaign that the judge's impartiality might reasonably be questioned").

Tennessee Supreme Court Rule 10B governs the procedure for determining whether a judge should preside over a case. *See* Tenn. Sup. Ct. R. 10B. If a party files a motion to recuse which is denied, the party requesting recusal may seek an accelerated review under Rule 10B. Tenn. Sup. Ct. R. 10B § 2.01. To seek an accelerated appeal, "a petition for recusal appeal" must be filed. Tenn. Sup. Ct. R. 10B § 2.02. Rule 10B requires that specific documents be included with the petition:

> The petition shall be accompanied by a copy of the motion and all supporting documents filed in the trial court, *a copy of the trial court's order or opinion ruling on the motion*, and a copy of any other parts of the trial court record necessary for determination of the appeal.

Tenn. Sup. Ct. R. 10B § 2.03 (emphasis added).

This court has observed that "the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court." *Adams v. Brittenum*, No. W2023-00800-COA-T10B-CV, 2023 WL 3861820, at *1 (Tenn. Ct. App. June 6, 2023) (quoting *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015)). "In expedited interlocutory appeals under Rule 10B, the only record the appellate court generally has is the record provided by the appellant with his or her petition." *Rothberg v. Fridrich & Associates Ins. Agency, Inc.*, No. M2022-00795-COA-T10B-CV, 2022 WL 2188998, at *2 (Tenn. Ct. App. June 17, 2022) (quoting *Smith v. Daniel*, No. M2019-02083-COA-T10B-CV, 2019 WL 6825976, at *1 n.1 (Tenn. Ct. App. Dec. 13, 2019)). Without meticulous compliance with the Rule, we cannot meet our obligation to decide the appeal "on an expedited basis." *Adams*, 2023 WL 3861820, at *1 (citing *Johnston*, 2015 WL 739606, at *2). Furthermore, without a copy of the trial court's order, we cannot review the trial court's decision, analyze its reasoning, or determine the timeliness of the appeal. *See Judzewitsch v. Judzewitsch*, No. E2022-00475-COA-T10B-CV, 2022 WL 1279790, at *2 (Tenn. Ct. App. Apr. 29, 2022) (finding that the failure to include a copy of the order prohibits this court from determining if the appeal was timely).

The Petitioners have neglected to include with their filings on appeal the trial court's

order denying recusal.  Without a copy of this order, we are unable to review the trial court's decision regarding the motion to recuse.  Because the Appellants have not included a copy of the order denying the motion to recuse, we dismiss the appeal for failure to comply with Supreme Court Rule 10B.  *See Adams*, 2023 WL 3861820, at *2 (dismissing Rule 10B appeal because it was accompanied by none of the required documents); *Blevins v. Green*, No. E2023-00295-COA-T10B-CV, 2023 WL 2398256, at *2 (Tenn. Ct. App. Mar. 8, 2023) (dismissing appeal where "notice of accelerated appeal is not accompanied by any additional documents beyond the trial court's order and an envelope"); *Nisenbaum v. Nisenbaum*, No. M2021-01377-COA-T10B-CV, 2021 WL 5919114, at *1 (Tenn. Ct. App. Dec. 15, 2021) (dismissing appeal when petitioner "did not supply any of the required documents with her petition").

We further observe that the Petitioners' recusal motion also reflects procedural deficiencies at the trial level.  Notably, one of the mandatory requirements of a motion to recuse under Rule 10B is a statement that the motion is not being presented for an improper purpose: "The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and *shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation*."  Tenn. Sup. Ct. R. 10B § 1.01 (emphasis added).  "The Tennessee Supreme Court has recognized that when the word 'shall' is used in a statute or rule, it is ordinarily construed as being mandatory and not discretionary." *Childress v. United Parcel Serv., Inc.*, No W2016-00688-COA-T10B-CV, 2016 WL 3226316, at *2 (Tenn. Ct. App. June 3, 2016) (citing *Gabel v. Lerma*, 812 S.W.2d 580, 582 (Tenn. 1990)).

The Petitioners do not appear to have asserted in their motion to recuse or in their affidavits that the recusal motion was not being presented for an improper purpose.  This court has previously determined a claim was waived when the petitioner failed to aver that the motion was not presented for an improper purpose. *Hastings v. Hastings*, No. W2020-00989-COA-T10B-CV, 2020 WL 4556831, at *2 (Tenn. Ct. App. Aug. 6, 2020) (concluding that the "claim for recusal contained in this motion has been waived" and citing *Moncier v. Wheeler*, No. E2020-00943-COA-T10B-CV, 2020 WL 4343336, at *5 (Tenn. Ct. App. July 28, 2020) for the proposition that failure to include the affirmative statement can lead to waiver); *see  State v. Loredo*, No. W2023-00088-CCA-R3-CD, 2024 WL 912486, at *7 (Tenn. Crim. App. Mar. 4, 2024) ("The affirmative statement was mandatory under Tennessee Supreme Court Rule 10B, and a defective motion can result in waiver of the recusal issue.").  We have also dismissed appeals when the absence of the affirmative statement was combined with other deficiencies. *Moncier*, 2020 WL 4343336, at *5 ("The failure to include the mandatory language required by Rule 10B can . . . lead to a waiver of a recusal request on appeal."); *Hobbs Purnell Oil Co., Inc. v. Butler*, No. M2016-00289-COA-R3-CV, 2017 WL 121537, at *14 (Tenn. Ct. App. Jan. 12, 2017) (concluding that the recusal issue was waived because the motion failed to comply with Rule 10B in two respects: failure to state it was not presented for an improper purpose and failure to file an affidavit); *cf. Clay Cnty. v. Purdue Pharma L.P.*, No. E2022-00349-COA-

T10B-CV, 2022 WL 1161056, at \*3 (Tenn. Ct. App. Apr. 20, 2022) (noting that some cases considered the absence of the affirmative statement a waiver of the recusal issue, particularly when paired with other defects, but that some courts have proceeded to the merits).

## II.

In short, the Petitioners have failed to meet the mandatory requirements of Rule 10B in their filings, both at the trial level and on appeal. The appeal is dismissed. Costs of this appeal are taxed to the Appellants, Diane Batson-Smith and Nicholas Batson, for which execution may issue if necessary. The case is remanded for such further proceedings as may be necessary and consistent with this opinion.

_____
JEFFREY USMAN, JUDGE