IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 19, 2025

## JULEAH MARIE BARRETTSMITH v. CHRISTOPHER JAMES JEFFERS

**Appeal from the Juvenile Court for Sumner County**
**No. 2025-JV-492      Alan Hickey, Judge**

_____

### No. M2025-02028-COA-T10B-CV

_____

Petitioner seeks to appeal a denial of her motion to recuse. Because she did not include her trial court motion and supporting documents, the record is insufficient to determine this appeal. We affirm.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Juvenile Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and CARMA DENNIS MCGEE, JJ., joined.

Juleah Barrettsmith, Apison, Tennessee, pro se.

Zachary Tyler Scott-Templeton, Gallatin, Tennessee, for the appellee, Christopher James Jeffers.

### OPINION

Due to the circumstances of the filing in this case, we need not delve into the background or ruling of the trial court. When a litigant seeks to appeal the denial of a recusal motion, Tennessee Supreme Court Rule 10B, § 2.03 requires that:

> The petition shall be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal.

"The Tennessee Supreme Court has recognized that when the word "'shall'" is used in a statute or rule, it is ordinarily construed as being mandatory and not discretionary." *Childress v. United Parcel Service Inc.*, No. W2016-00688-COA-T10B-CV, 2016 WL

322636, at *2 (Tenn. Ct. App. June 3, 2016) (citing *Gabel v. Lerma*, 812 S.W.2d 580, 582 (Tenn.1990); *Stubbs v. State*, 393 S.W.2d 150, 154 (Tenn.1965)).

In this case, the petitioner did not include a copy of the motion and its supporting documents filed in the trial court, as required by Rule 10B. As this Court has previously emphasized,

> "the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court so as to allow this Court to meet its obligations under section 2.06 of the rule, which requires this Court to decide these appeals "on an expedited basis." As such, it is imperative that litigants file their petitions for recusal appeal in compliance with the mandatory requirements of Rule 10B in the first instance."

*Childress*, 2016 WL 3226316, at *3 (quoting *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015)). Thus, the record is insufficient to determine the issues raised in this appeal. We affirm the trial court.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Juleah Barrettsmith, for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE